**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| ALEDDRA INC. | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 7:26-cv-00065 |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| RAB LIGHTING INC. | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |
| | ) | |

## AGREED MOTION TO MODIFY SCHEDULING ORDER

Plaintiff Aleddra Inc. ("Aleddra") and Defendant RAB Lighting Inc. ("RAB") (together, the "Parties") jointly and respectfully request that the Court modify the schedule set forth in its July 7, 2026 Scheduling Order (ECF No. 19) (the "Scheduling Order" or "Order"). The Parties submit this request with great respect for the Court's management of its docket and appreciate the Court having promptly entered the Scheduling Order following the filing of the Parties' Joint Report (ECF No. 18).

On July 6, 2026, the Parties submitted their Joint Report with a proposed schedule typical of patent cases, scheduling infringement and invalidity disclosures ahead of claim construction, and expert reports and dispositive motion briefing after issuance of the Court's Claim Construction Order. This approach was premised on both sets of counsel's experience with patent litigation as well as the Court's practice in previous cases. *See, e.g.*, *Wyoming Technology Licensing LLC v. Mercedes-Benz USA LLC,* Case No. 4:26-cv-00451-O, ECF No. 21 (June 1, 2026). The Parties also proposed a November 15, 2027 trial date.

1

On July 7, 2026, the Court issued its Scheduling Order, setting a June 7, 2027 trial date. While the Parties intend to be ready for a trial according to the Court's Order, the Parties have certain requested modifications to the sequencing of certain deadlines in the Scheduling Order and therefore respectfully request that the Court modify the schedule as proposed in the schedule attached as **Exhibit A**. The Parties have also attached a Proposed Scheduling Order for the Court's convenience.

## I. The Parties' Requested Sequencing of the Schedule

The Parties proposed certain modifications to the sequencing of events in the Scheduling Order so as to attempt to eliminate or minimize inefficiencies for the parties and the Court. For example, the Scheduling Order requires the Parties to designate their expert witnesses in compliance with Rule 26(a)(2), including service of the experts' written reports under Rule 26(a)(2)(B), by October 9, 2026 (Order ¶ 9(a)) while fact discovery does not close until January 8, 2027. *See id.* ¶ 11. Expert reports thus will come due three months before the close of fact discovery. Because expert reports in a patent case ordinarily rest on the record developed in fact discovery, including document productions, interrogatory responses, and deposition testimony bearing on infringement, invalidity, and damages, this sequencing will make it challenging for the Parties to provide their experts with the information necessary to prepare complete reports (or, alternatively, will presumably result in the parties' requesting leave to serve supplemental reports as fact discovery progresses and concludes).

Similarly, the Parties' claim construction positions are not being exchanged until October 9, 2026 (*Id.* at ¶ 4.(c)), so the Parties will not have the benefit of the other side's proposed claim construction positions, or the Court's claim construction ruling (which will be critical as defining the scope of the asserted claims), when preparing their infringement and invalidity reports.

As another example, responsive claim construction briefs are due on February 8, 2027, fourteen days after the January 25, 2027 deadline for opening claim construction briefs. *See* Order ¶ 4(f). This is the same date on which all dispositive motions, including motions for summary judgment, must be filed. *See id.* ¶ 8. The Parties therefore would be required to move for summary judgment without the benefit of the Court's Claim Construction Order, and even before claim construction briefing is complete. Summary judgment briefing would likewise precede the Parties' final infringement and invalidity contentions, which are due 30 and 50 days, respectively, after the Court's claim construction ruling. *See id.* ¶ 6.

Additionally, in an apparent typographical error, the Scheduling Order directs Defendant to deliver objections to Plaintiff's proposed jury charge by May 5, 2027 (Order ¶ 13(d)(ii)), five days before Plaintiff is required to deliver its proposed charge to Defendant on May 10, 2027, *see id.* ¶ 13(d)(i). The Parties' Proposed Scheduling Order flips these dates.

Finally, the Parties respectfully advise the Court that lead counsel for both Parties observe a religious holiday falling on June 10-11, 2027, during the first week of the trial period beginning June 7, 2027. *See* Order ¶ 1.[1] The Parties therefore respectfully request that the trial setting be extended by two weeks, to June 21, 2027, or the earliest date thereafter that is convenient for the Court.[2] This ensures that the holiday does not fall during the trial (as presently scheduled) and avoids requiring counsel to return from the religious observance to the trial site the day before trial (if trial was pushed back by only one week).

---

[1] Additionally, Michael Rader, lead counsel for RAB, has a conflicting trial scheduled for June 7, 2027 in *Lubricote, LLC v. Lumenis Be Ltd.*, 2:25-cv-00650-JRG (E.D. Tex.). After apprising the Court in that case of the religious holiday conflict, the Court advised Mr. Rader to re-raise the issue within three months of the trial date. *Id.*, Dkt. No. 20.

[2] If the court deem this motion as a motion for a continuance of the trial setting, the Parties are prepared to promptly supplement this request with the Parties' own signatures in accordance with N.D. L.R. 40.1.

## II. The Parties' Proposed Schedule

The Parties understand and respect the Court's intention that this case be tried in June 2027. Attached as **Exhibit A** is a proposed schedule that maintains the sequencing of events originally proposed in the Parties' Joint Report while still being ready for trial by June 2027 as the Court ordered. The Parties respectfully submit that this approach will be more efficient for the Court and the Parties and will reduce the potential for delays and unnecessary motion practice. For the Court's convenience, the Parties have also prepared a proposed redline of the Scheduling Order reflecting the changes that the Parties respectfully ask the Court to implement.

For these reasons, the Parties jointly and respectfully request that the Court enter the schedule set forth in the Parties' Proposed Scheduling Order.

Dated:  July 9, 2026                                          Respectfully submitted,

| | |
|---|---|
| */s/ Kevin Kudlac* | */s/ William E. Davis, III* |
| Steven Callahan | William E. Davis, III |
| Christopher T. Bovenkamp | Texas State Bar No. 24047416 |
| **Charhon Callahan Robson & Garza PLLC** | Thomas J. Fisher |
| 3333 Lee Parkway, Suite 460 | VA Bar No. 44062; DC Bar No. 1643972 |
| Dallas, TX 75219 | Ty Wilson |
| 214-521-6400 | Texas State Bar No. 24106583 |
| Fax: 214-764-8392 | DAVIS FIRM PC |
| scallahan@ccrglaw.com | 213 N. Fredonia Street, Suite 230 |
| cbovenkamp@ccrglaw.com | Longview, Texas 75601 |
| | T: (903) 230-9090 / F: (903) 230-9661 |
| David C. Radulescu, Ph.D. (*pro hac vice*) | bdavis@davisfirm.com |
| Etai Lahav (*pro hac vice*) | twilson@davisfirm.com |
| Bryon Wasserman (*pro hac vice*) | tfisher@davisfirm.com |
| Michael Sadowitz (*pro hac vice*) | |
| **RADULESCU LLP** | ***Attorneys for Defendant*** |
| 5 Penn Plaza, 19th Floor | ***RAB Lighting Inc.*** |
| New York, New York 10001 | |
| Telephone: (646) 502-5950 | |
| Facsimile: (646) 502-5959 | |
| david@radip.com | |

etai@radip.com
bryon@radip.com
mike@radip.com

Kevin S. Kudlac (Bar No. 00790089)
**RADULESCU LLP**
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: (512) 656-5743
kevin@radip.com

*Attorneys for Plaintiff*
*Aleddra Inc.*

5

## CERTIFICATE OF SERVICE

The undersigned certifies that, on July 9, 2026, the foregoing document was filed electronically with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are deemed to have consented to electronic service.

By: */s/ Kevin Kudlac*
Kevin Kudlac