**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| ALEDDRA INC.,<br><br>Plaintiff,<br><br>v.<br><br>RAB LIGHTING INC.,<br><br>Defendant. | Civil Action No. 7:26-cv-00065-O |

**DEFENDANT RAB LIGHTING INC.'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS**

Use of Generative Artificial Intelligence

Pursuant to Local Civil Rule 7.2(f), the undersigned counsel hereby certifies that the generative artificial intelligence (AI) program Claude was utilized to assist in the preparation of this brief.

The undersigned, personally or with the assistance of an associate at the undersigned's firm, has verified every legal citation, record reference, and factual assertion in the brief. The undersigned further exercised independent judgment as to the brief's contents and takes full responsibility for the brief.

# TABLE OF CONTENTS


I. BACKGROUND .......... 2

A. The Case Schedule .......... 2

B. "*Power Sustaining Device*" .......... 2

C. Claim 13 of the '905 Patent .......... 3

II. LEGAL STANDARD .......... 4

III. ARGUMENT .......... 5

A. RAB Acted Promptly Once Each Issue Came to Light .......... 5

B. The Amendments Are Important .......... 6

C. Aleddra Will Not Be Unfairly Prejudiced .......... 7

D. No Continuance Is Needed, and Amendment Will Not Delay the Case .......... 8

IV. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Cases**

*SnapRays, LLC v. Am. Tack & Hardware Co.*,
No. 3:24-cv-1228-O, 2025 WL 5266861 (N.D. Tex. Dec. 18, 2025)
(O'Connor, C.J.) .......... 4

*Summit 6 LLC v. HTC Corp.*,
No. 7:14-cv-00014-O, 2015 WL 11117869 (N.D. Tex. Jan. 8, 2015)
(O'Connor, C.J.) .......... 4, 7

*Williamson v. Citrix Online, LLC*,
792 F.3d 1339 (Fed. Cir. 2015) .......... 6

**Statutes**

35 U.S.C. § 112(f) .......... 1, 2, 6

Defendant RAB Lighting Inc. ("RAB") moves under paragraph 3-7(b) of Amended Miscellaneous Order No. 62 for leave to amend its Preliminary Invalidity Contentions. *See* Dkt. No. 19 at 1 (incorporating Miscellaneous Order No. 62). RAB seeks to make two minor amendments to its Preliminary Invalidity Contentions.

First, RAB seeks to add one additional indefiniteness ground. As RAB will demonstrate in its claim-construction briefing, the term "*power sustaining device*" in claim 1 of U.S. Patent No. 10,237,946 ("the '946 Patent") is a means-plus-function term under 35 U.S.C. § 112(f), and the specification discloses no corresponding structure; the term is therefore indefinite.

Second, RAB seeks to add dependent claim 13 of U.S. Patent No. 10,225,905 ("the '905 Patent") to an obviousness ground it already asserts against independent claim 1 of that same patent, and to serve a claim chart demonstrating how the same references that render independent claim 1 obvious also render dependent claim 13 obvious. RAB's proposed amended contentions are attached as Exhibit 1 (Appx1-131), and a redline against the September 18 contentions is attached as Exhibit 2 (Appx132-262).

Neither amendment seeks to add a new prior-art reference into the case, and neither amendment requires any change to the current schedule. Plaintiff Aleddra Inc. ("Aleddra") has known that the meaning of "*power sustaining device*" was disputed since September 18, 2026, and Aleddra has had the prior-art references RAB seeks to chart against dependent claim 13 since that same day too. RAB does not contend that the omission of these two additional arguments from its Preliminary Invalidity Contentions was anything other than an oversight. But both amendments are important, neither causes Aleddra to suffer meaningful prejudice, and RAB acted promptly once each omission came to light. This Court's good-cause factors favor leave.

## I. BACKGROUND

### A. The Case Schedule

Aleddra filed this case on June 5, 2026 (Dkt. No. 1), and there are currently 71 asserted claims at issue. Ex. 6 at Appx299 (listing asserted claims). RAB served its Preliminary Invalidity Contentions against those claims on September 18, 2026. *See* Ex. 6 (Appx298-379). On that same day, the parties also exchanged their lists of proposed terms and claim elements for construction. RAB's list included "*power sustaining device*." Ex. 3 (Appx263-268). Three weeks later, on October 9, 2026, RAB served its Preliminary Claim Constructions. Ex. 4 (Appx269-288).

The remaining claim construction deadlines are months away. The parties agreed to file the Joint Claim Construction Statement on October 30, 2026. Claim construction discovery remains open through December 10, 2026, and opening claim construction briefs are not due until January 25, 2027, three months from now. Dkt. No. 19 ¶ 4. Pursuant to a stipulation by the parties, opening expert reports are due November 4, 2026, and rebuttal reports are due December 4, 2026. Dkt. No. 67.

### B. "*Power Sustaining Device*"

Claim 1 is the only independent claim of the '946 Patent. It recites "*a second driver*" that includes a "***power sustaining device***," and the driver powers an LED array "*when the power sustaining device is enabled to reach an operating voltage to operate the second driver*." Dkt. No. 51, Ex. B ('946 Patent). The claim says what the "*power sustaining device*" does. But neither the claim nor the specification says what it is.

RAB included the term "*power sustaining device*" on its September 18 list of proposed terms for construction. Ex. 3 at Appx265. RAB's Preliminary Claim Constructions, served on October 9, then identified the term as governed by § 112(f) and argued that because the

specification discloses no corresponding structure, claim 1 and every claim that depends from it is indefinite. Ex. 4 at Appx276. The "problem" is that RAB's Preliminary Invalidity Contentions, served on September 18, did not list "*power sustaining device*" as indefinite. Ex. 6 at Appx372-373. There was therefore a 21-day period in which Aleddra knew the scope of "*power sustaining device*" was disputed, but did not necessarily know RAB believed the term was indefinite.

Hours after RAB served its Preliminary Claim Constructions and identified "*power sustaining device*" as indefinite, Aleddra objected because RAB's Preliminary Invalidity Contentions did not list the term as being indefinite. RAB subsequently tried to resolve Aleddra's objection without the need to involve the Court, but Aleddra insisted that if RAB did not seek leave to amend its Preliminary Invalidity Contentions, then Aleddra would seek to strike RAB's contention that "*power sustaining device*" is indefinite. Ex. 5 at Appx292-296. The parties met and conferred on October 20, 2026 and engaged in follow-on discussions for more than a week. RAB narrowed the dispute by withdrawing certain other claim construction positions, told Aleddra that it would seek leave to amend its Preliminary Invalidity Contentions, and offered to accommodate any specific prejudice Aleddra identified. *Id.* at Appx291-292.

### C. Claim 13 of the '905 Patent

Aleddra asserts claims 1-2, 7 and 9-18 of the '905 Patent as well as 58 additional claims across the other four asserted patents. Ex. 6 at Appx299-300. RAB's Preliminary Invalidity Contentions chart prior-art references against ***every*** asserted claim in this case except dependent claim 13 of the '905 Patent, and the table of obviousness combinations lists ***every*** asserted claim as being challenged except dependent claim 13. Ex. 6 at Appx356. Claim 13 depends from claim 1 and adds only one limitation. Dkt. No. 51, Ex. A ('905 Patent).

In working with its technical expert to prepare his invalidity report due on November 4, RAB recently discovered that its Preliminary Invalidity Contentions had mistakenly failed to include RAB's obviousness contention for dependent claim 13 of the '905 Patent. RAB raised this mistake with Aleddra's counsel during the parties' October 20 meet and confer, and explained that the prior-art references that RAB relied on to demonstrate why independent claim 1 of the '905 Patent would have been obvious to a person of ordinary skill in the art would also have made dependent claim 13 obvious. That is, RAB explained that its obviousness theory for dependent claim 13 involved no new prior art beyond those references RAB had already charted for independent claim 1 and many other dependent claims. On October 21, 2026, RAB served Aleddra with its proposed amended claim chart for the '905 Patent, and the chart maps dependent claim 13 against the very same combination of references (Zhang, Zhu, and Trainor) that RAB had previously charted against independent claim 1. Ex. 1 at Appx104-105, Appx125-126; *see also* Ex. 5 at Appx290.

## II. LEGAL STANDARD

Invalidity contentions may be amended "only by order of the presiding judge upon a showing of good cause." Misc. Order No. 62 ¶ 3-7(b). The paragraph requires a movant relying on newly discovered prior art to state that the art was not known to it despite diligence. *Id.* Neither amendment RAB seeks, however, relies on any new prior-art reference.

To determine whether good cause exists, this Court considers four factors: "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *Summit 6 LLC v. HTC Corp.*, No. 7:14-cv-00014-O, 2015 WL 11117869, at *2 (N.D. Tex. Jan. 8, 2015) (O'Connor, C.J.) (citation omitted); *accord SnapRays, LLC v. Am. Tack & Hardware*

*Co.*, No. 3:24-cv-1228-O, 2025 WL 5266861, at *3 (N.D. Tex. Dec. 18, 2025) (O'Connor, C.J.). The Court weighs the factors together, and no single factor is dispositive. *See Summit 6*, 2015 WL 11117869, at *4–5 (granting leave where "the four factor 'good cause' test balances in favor of" the movant, even though the impact of delay weighed slightly against amendment).

## III. ARGUMENT

### A. RAB Acted Promptly Once Each Issue Came to Light

RAB will not overstate its good-cause explanation. Both arguments that RAB seeks to add should have been in RAB's September 18 Preliminary Invalidity Contentions, and they were left out through oversight. What RAB did once each omission surfaced, however, shows diligence. *Summit 6*, 2015 WL 11117869, at *2 (looking at a party's diligence when assessing whether good cause exists).

RAB disclosed its indefiniteness position on "*power sustaining device*" on October 9, only three weeks after RAB's Preliminary Invalidity Contentions were served and more than three months before opening claim construction briefs are due. Dkt. No. 19 ¶ 4(f). Aleddra raised its objection to RAB's position the same evening. RAB responded the next business day, engaged with Aleddra's concerns, narrowed the dispute by withdrawing certain other positions, offered accommodations, and filed this motion promptly.[1] *See* Ex. 5 at Appx289-297. RAB moved for leave to amend its contentions before the Joint Claim Construction Statement is due to be filed and, again, ***three months*** before any claim construction briefing on the "*power sustaining device*" term is due.

[1] RAB was prepared to file this motion last week, but counsel for Aleddra stated that Aleddra might agree to RAB's proposed amendments if RAB would agree to amendments Aleddra wanted to make to its Infringement Contentions. Ex. 7 at Appx380-381. After reviewing Aleddra's proposed amendments, RAB ultimately declined Aleddra's offer and filed this motion immediately thereafter.

The same is true of dependent claim 13. RAB identified the missing chart while preparing its expert report, raised it with Aleddra before opening reports on invalidity are due, served Aleddra with a claim chart for claim 13 on October 21, and moved for leave to amend a week later. Moreover, the prior art upon which RAB relies for dependent claim 13 was already identified and charted in RAB's Preliminary Invalidity Contentions. Only one dependent claim was missed inadvertently and that mistake was identified about a month after the contentions were served and more than a month before Aleddra's rebuttal report on invalidity is due.

Given RAB's diligence, the first factor weighs in RAB's favor.

### B. The Amendments Are Important

Both amendments are important as they go to the validity of asserted claims, and the first amendment is potentially dispositive for an entire patent.

***"Power sustaining device."*** Because claim 1 is the only independent claim of the '946 Patent, if the term is indefinite, every claim of the patent is invalid. Moreover, whether a term is governed by § 112(f), and if so what structure corresponds to it, is part of claim construction. *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1348-52 (Fed. Cir. 2015). The Court will construe "*power sustaining device*" regardless of this motion, because it is on the parties' list of terms for construction. Without leave, the Court could ultimately conclude that the term is a means-plus-function term with no corresponding structure and yet Aleddra may argue that waiver or preclusion bars RAB from asking the Court to reach the consequence that follows from that legal conclusion—indefiniteness.

**Dependent claim 13 of the '905 Patent.** Without the amendment, RAB would have no prior-art defense to an asserted dependent claim, even though the same prior art is charted against the independent claim from which it depends. The amendment is plainly important.

This factor weighs heavily in favor of leave.

### C. Aleddra Will Not Be Unfairly Prejudiced

**"*Power sustaining device.*"** There is no danger of unfair prejudice. Aleddra has known since September 18 that the meaning of this term is in dispute, and that RAB intends to have the Court address the term's meaning regardless of how the Court decides the present motion. The added question, whether the specification discloses corresponding structure, turns on the intrinsic record of Aleddra's own patent. It requires no new prior art and no fact discovery. Aleddra, as the patentee, is best placed to identify whatever structure it believes the specification discloses. Claim construction discovery remains open until December 10, 2026, and opening claim construction briefs are not due until January 25, 2027, ***more than three months from now***. *See Summit 6*, 2015 WL 11117869, at *4 ("Because litigation is still in an early stage, there is little danger of unfair prejudice from adding the additional prior art.").

Aleddra has said that it gathered dictionary and technical-standard evidence on October 9 for other terms and would need to do the same for this one. Ex. 5 at Appx292-294. Much of that work goes to the meaning of the term, which Aleddra had to address anyway because the term was identified in RAB's identification of terms for constructions. Regardless, RAB recognizes that a party's ability to respond does not by itself establish a lack of prejudice. But the added work here (if any) is limited, the schedule leaves ample time for it, and RAB has offered to extend Aleddra's time to do it.

**Dependent claim 13 of the '905 Patent.** The amendment adds no new reference and no new combination. Aleddra has had the prior-art references Zhang, Zhu, and Trainor since September 18, and has known how RAB contends that those references render independent claim 1 obvious since that same date. Dependent claim 13 adds a single limitation to independent claim 1, and Aleddra cannot credibly have believed that RAB elected not to challenge the validity of this lone dependent claim despite challenging the validity of ***all*** other asserted claims.

Regardless, Aleddra's rebuttal report addressing invalidity is not due until December 4, so Aleddra and its expert now have more than a month to prepare a response on the merits.

This factor favors leave.

### D. No Continuance Is Needed, and Amendment Will Not Delay the Case

Amendment will not delay the case. Claim construction briefing does not begin until January 25, 2027, and Aleddra's rebuttal expert report addressing invalidity is not due until December 4, 2026. No extension or continuance is needed given the ample time Aleddra has to respond to RAB's two additional arguments.

Moreover, if the Court finds Aleddra suffers some form of unfair prejudice, such prejudice can be cured without disturbing the schedule. RAB has offered, and offers again here, to agree to additional time for Aleddra to identify extrinsic evidence relating to "*power sustaining device.*" Ex. 5 at Appx290. There is plenty of time in the existing schedule for Aleddra to identify such evidence before its opening claim construction brief is due in January.

This factor also favors leave.

## IV. CONCLUSION

RAB respectfully requests that the Court grant leave to amend its Preliminary Invalidity Contentions as set out in Exhibit 1 (Appx1-131).

Date: October 29, 2026

*/s/ Nathan R. Speed w/permission*
*William E. Davis, III*

William E. Davis, III
Texas State Bar No. 24047416
Thomas J. Fisher
VA Bar No 44062; DC Bar No 1643972
Ty Wilson
Texas State Bar No. 24106583
DAVIS FIRM PC
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
T: (903) 230-9090 / F: (903) 230-9661

bdavis@davisfirm.com
twilson@davisfirm.com
tfisher@davisfirm.com

Michael N. Rader (*pro hac vice*)
WOLF, GREENFIELD & SACKS, P.C.
605 Third Avenue, 25th Floor
New York, NY 10158
mrader@wolfgreenfield.com
617.646.8000 Phone
617.646.8646 Fax

Scott A. McKeown (*pro hac vice*)
WOLF, GREENFIELD & SACKS, P.C
901 New York Avenue, NW, Suite 500 East
Washington, DC 20001
smckeown@wolfgreenfield.com
202.571.5001 Phone
617.646.8646 Fax

Nathan R. Speed (*pro hac vice)*
John W. Custer (*pro hac vice*)
WOLF, GREENFIELD & SACKS, P.C
600 Atlantic Avenue
Boston, MA 02210
nspeed@wolfgreenfield.com
jcuster@wolfgreenfield.com
617.646.8000 Phone
617.646.8646 Fax

***Counsel for Defendant RAB Lighting Inc.***

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

*/s/William E. Davis, III*
William E. Davis, III

## CERTIFICATE OF CONFERENCE

I certify that the undersigned counsel for Defendant RAB Lighting Inc. ("RAB") has complied with the meet and confer requirement in Local Civil Rule 7.1(a) to confer with counsel for Aleddra Inc. ("Aleddra") regarding RAB's Opposed Motion for Leave to Amend Its Preliminary Invalidity Contentions.

On October 20, 2026, counsel for RAB (Nathan R. Speed) and Aleddra (Michael Sadowitz) met and conferred by video conference regarding the relief request in this motion. Counsel for the parties were unable to come to an agreement regarding the motion during that video conference or during subsequent correspondence. Discussions between counsel have now conclusively ended with an impasse leaving open issues for this Court to resolve.

/s/ *Nathan R. Speed*
Nathan R. Speed