# EXHIBIT 7

**From:** Speed, Nathan R.
**Sent:** Friday, October 23, 2026 11:34 AM
**To:** Bryon Wasserman; Michael Sadowitz
**Cc:** bdavis@davisfirm.com; tfisher@davisfirm.com; jjohnson@davisfirm.com; WGS-Aleddra v. RAB Lighting; Rab-df@davisfirm.com; scallahan@ccrglaw.com; cbovenkamp@ccrglaw.com; Etai Lahav; aleddra-RAB_SERVICE
**Subject:** RE: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

Bryon,

Thanks for the proposal. RAB will hold off on filing its motion for leave until we have seen Aleddra's proposed revisions. We understand from your email that Aleddra will not argue that the time spent on this is delay.

To be candid about our view, we think the two amendments are different in kind. RAB's amendment corrects inadvertent omissions in our invalidity contentions. As you describe it, Aleddra's proposal would revise its infringement positions for its expert report. If the revisions are minor clarifications or elaborations of positions Aleddra has already disclosed, RAB would likely not oppose them. If they change or add infringement theories, it is unlikely RAB could agree, and in any event RAB would not tie them to its own motion. We will review the redline on its own merits.

Giving both sides more time to try to resolve this informally makes sense, and that brings up the schedule. When we pushed back on Aleddra's November 18 proposal for the opening expert reports, our concern was that rebuttal reports on December 18 would leave expert depositions for the holidays before the January 8 discovery deadline. On closer review, paragraph 11 of the scheduling order lets the parties agree to extend that January 8 deadline with written notice to the Court, as long as the extension doesn't affect the trial setting, the dispositive motion deadline, the deadline for challenges to experts, or the pretrial submission dates. With that in mind, RAB proposes:

- Joint claim construction statement: November 10, as provided in the scheduling order
- Opening expert reports: November 18
- Rebuttal expert reports: December 18
- Discovery deadline: the parties agree now to extend the January 8 deadline as needed for expert depositions. We can set the specific date and give the Court written notice closer to January 8, once we know how much time we need. Expert discovery would be completed in time for the February 8 dispositive motion deadline.

The extra time would let the parties finish the amendment discussions before the joint statement and the expert reports, and it may avoid motion practice altogether.

Let us know if this works for Aleddra.

Thanks,

Nathan

**From:** Bryon Wasserman <bryon@radip.com>
**Sent:** Thursday, October 22, 2026 6:42 PM
**To:** Speed, Nathan R. <Nathan.Speed@WolfGreenfield.com>; Michael Sadowitz <mike@radip.com>
**Cc:** bdavis@davisfirm.com; tfisher@davisfirm.com; jjohnson@davisfirm.com; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com; scallahan@ccrglaw.com; cbovenkamp@ccrglaw.com; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Subject:** Re: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

Counsel

Aleddra is willing to consent to RAB's motion on the following condition.

Aleddra has certain minor revisions and elaborations to its disclosed infringement positions that it intends to include in its expert report. While Aleddra believes that these additional disclosures are within the scope of elaboration permitted in its expert reports and/or are justified by the discovery produced by in this case, Aleddra would prefer to avoid any dispute over these issues.

If RAB will similarly agree not to oppose an amendment to Aleddra's contentions further clarifying its positions Aleddra will not oppose RAB's motion to amend.

We can provide you with our proposed revisions early next week. We will agree that any time RAB spends considering our proposal will not be applied towards any argument of delay against RAB's motion to amend.

Regards
Bryon

Bryon Wasserman
Radulescu LLP | Of Counsel
646-502-5935 Direct
202-281-0664 Cell
646-502-5950 Main

**From:** Speed, Nathan R. <Nathan.Speed@WolfGreenfield.com>
**Date:** Tuesday, October 20, 2026 at 7:50 PM
**To:** Michael Sadowitz <mike@radip.com>
**Cc:** bdavis@davisfirm.com <bdavis@davisfirm.com>; tfisher@davisfirm.com <tfisher@davisfirm.com>; jjohnson@davisfirm.com <jjohnson@davisfirm.com>; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com <Rab-df@davisfirm.com>; scallahan@ccrglaw.com <scallahan@ccrglaw.com>; cbovenkamp@ccrglaw.com <cbovenkamp@ccrglaw.com>; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>

**Subject:** RE: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

Mike,

Understood. To clarify, I wasn't asking Aleddra to explain how it is prejudiced. My point was that if there is a specific accommodation Aleddra wants to address any claimed prejudice, we will consider it in good faith. For example, if you need more time to identify extrinsic evidence on the term, we will agree to that.

We plan to file the motion for leave by Friday. I take your email to mean Aleddra will oppose. Please confirm so we can note it in the certificate of conference. We will serve the amended contentions tomorrow so you don't have to wait until Friday to see them.

Thanks,
Nathan

---

**From:** Michael Sadowitz <mike@radip.com>
**Sent:** Tuesday, October 20, 2026 6:52 PM
**To:** Speed, Nathan R. <Nathan.Speed@WolfGreenfield.com>
**Cc:** bdavis@davisfirm.com; tfisher@davisfirm.com; jjohnson@davisfirm.com; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com; scallahan@ccrglaw.com; cbovenkamp@ccrglaw.com; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Subject:** Re: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

Nathan,

Thanks for sending the amended constructions. To be clear, Aleddra has not agreed to any of RAB's constructions, including as revised; the battery-test changes are RAB's, not compromises between the parties. We will consider the revised "coupled in parallel" construction and let you know. We will also send RAB's requested statement of prejudice on "power sustaining device" separately. Please confirm RAB's intended timing for its motion for leave as to "power sustaining device" and the invalidity chart for '905 patent claim 13.

Best,
Mike

---

**From:** Speed, Nathan R. <Nathan.Speed@WolfGreenfield.com>
**Date:** Tuesday, October 20, 2026 at 1:09 PM
**To:** Michael Sadowitz <mike@radip.com>
**Cc:** bdavis@davisfirm.com <bdavis@davisfirm.com>; tfisher@davisfirm.com <tfisher@davisfirm.com>; jjohnson@davisfirm.com <jjohnson@davisfirm.com>; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com <Rab-df@davisfirm.com>; scallahan@ccrglaw.com <scallahan@ccrglaw.com>; cbovenkamp@ccrglaw.com <cbovenkamp@ccrglaw.com>; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Subject:** RE: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions
Mike,

Thanks for the productive call today. As I mentioned I would do, I have prepared an updated version of our preliminary claim constructions that reflect compromises we reached during the call. I am also attaching a redline reflecting those changes.

Here is a summary of what changed from RAB's October 9 disclosure.

First, as discussed during our meet and confer, RAB is no longer proposing constructions for the following terms:

- "dimming controllable device" ('905 and '946 Patents, claim 1)
- "control device" ('782 Patent, claims 1 and 21)
- "rechargeable battery test" ('396 Patent, claim 1)

Second, we fixed several typographical errors, including those Aleddra noted in its October 9 disclosure, for example:

- "pre-determined" is now "predetermined" in the '905 low-level and high-level signal terms, to match the claim language.
- The '782 forward-voltage term now reads "forward voltage thereon" (claim 1), which is the language claim 1 recites.

Third, we modified a few constructions.

- The modifications we made to the battery-test limitations (905 and 946 Patents) were ones you and I discussed during the call.
- After the call, I realized we also needed to modify the phrase "coupled in parallel" for claim 13 of the '551 Patent. Our originals construction said: "…a same current," which your team likely knew was a technical error. Components in parallel share a common voltage, not a common current. The construction now reads "components connected to provide different current paths to a same voltage." With that correction, we hope Aleddra may be able to agree to it, and we are happy to discuss.

Please let us know if you would like to discuss any of these changes.

Best regards,

Nathan

---

**From:** Michael Sadowitz <mike@radip.com>
**Sent:** Wednesday, October 14, 2026 3:37 PM
**To:** Custer, John W. <John.Custer@WolfGreenfield.com>; Delaneau, Erika <Erika.Delaneau@WolfGreenfield.com>; scallahan@ccrglaw.com; cbovenkamp@ccrglaw.com; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Cc:** bdavis@davisfirm.com; tfisher@davisfirm.com; jjohnson@davisfirm.com; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com
**Subject:** Re: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

John,

RAB served its preliminary constructions at 5:01 p.m. Eastern on Friday and we raised this issue with you three hours later. As you know, the schedule is tight. The parties agreed to file the joint claim construction statement on October 30 and opening expert reports are due November 4. That leaves Aleddra little time to

develop its claim construction positions, gather supporting extrinsic evidence, and prepare its experts' opening reports and claim construction declarations around two invalidity theories it first saw on Friday. We had hoped RAB would withdraw its late and improperly disclosed theories, in which case neither Aleddra nor its experts would need to spend time responding to them. Unfortunately, RAB has chosen to ignore the plain language of the Local Patent Rules and unnecessarily multiply the proceedings.

The Local Patent Rules require invalidity contentions to identify "any limitation of each asserted claim that is indefinite under 35 U.S.C. § 112(b)." Rule 3-3(a)(4). RAB's contentions list, patent by patent, the limitations RAB contends are indefinite. Neither "control device" nor "power sustaining device" is on the list. Rule 4-1(a) required RAB's term list to identify "any claim element that the party contends should be governed by 35 U.S.C. § 112(f)," and RAB identified none. Under Rule 3-6 those contentions are "deemed to be that party's final contentions," and under Rule 3-7(b) they may be amended "only by order of the presiding judge upon a showing of good cause." *Albritton v. Acclarent, Inc.*, 2019 WL 13026864, at *2 (N.D. Tex. Apr. 5, 2019).

Listing a term for construction is not an indefiniteness contention. For instance, *Seven Networks, LLC v. Google LLC*, 2018 WL 4501952, at *2–3 (E.D. Tex. July 11, 2018), struck indefiniteness positions first raised in the P.R. 4-1 process on exactly that reasoning, agreeing with the patentee that "it is not [the patentee's] burden to present 'definiteness positions' for terms not identified as indefinite in patents presumed valid." Further, *Danco, Inc. v. Fluidmaster, Inc.*, 2017 WL 11630547, at *5–6 (E.D. Tex. Sept. 13, 2017), denied leave to add indefiniteness grounds first identified through the term exchange.

Nor is a § 112(f) element with no corresponding structure a "construction." It is invalidity under § 112(b), *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1351–52 (Fed. Cir. 2015). Rule 4-2(a) addresses corresponding structure only for elements "the parties collectively contend" under Rule 4-1 are governed by § 112(f); it is not a vehicle for raising § 112(f) for the first time. And RAB's invalidity charts treat "power sustaining device" as structure and map it to structure in the prior art (Ex. B-1 at 9, "voltage checker"; Ex. B-2 at 5–6, "constant on-time BCM controller").

RAB's contentions are final. Under Rule 3-6, preliminary invalidity contentions "will be deemed to be that party's final contentions" unless amended as the rules allow, and the Scheduling Order's deadline for "final invalidity contentions" 50 days after the ruling (¶ 6) is merely Rule 3-6(b)'s post-ruling window restated, i.e., the window that "permit[s] a party to respond to an unexpected claim construction by the court, but do[es] not mean that after every claim construction order, new infringement or invalidity contentions may be filed." *Albritton*, 2019 WL 13026864, at *2 (quoting *Indus. Print Techs., LLC v. O'Neil Data Sys., Inc.*, 2018 WL 398745, at *4 (N.D. Tex. Jan. 11, 2018)). Judge O'Connor applied Rules 3-6 and 3-7 under a scheduling order with the same provision: "Infringement and invalidity contentions at this point in the litigation may be amended only upon a showing of good cause." *SnapRays, LLC v. American Tack & Hardware Co.*, 2025 WL 5266861, at *2 (N.D. Tex. Dec. 18, 2025). RAB's reading would render Rules 3-3(a)(4) and 4-1(a) meaningless. If indefiniteness and § 112(f) positions could be added at any point before post-ruling final contentions, those rules would require nothing. *Summit 6*, 2014 WL 11514929, at *5 (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).

Good cause is RAB's burden, and lack of prejudice is not good cause. "[G]ood cause requires a showing of diligence," and "[t]he burden is on the movant." *Summit 6*, 2014 WL 11514929, at *5. The patents and file histories were in RAB's hands when it prepared 81 pages of contentions and two term lists; a later look at the same material is not diligence. *Danco*, 2017 WL 11630547, at *5. A claimed lack of prejudice "is not sufficient to demonstrate good cause without more." *Seven Networks*, 2018 WL 4501952, at *4. Judge O'Connor has rejected the argument that a patentee able to respond to an untimely theory is therefore unprejudiced,

*SnapRays*, 2025 WL 5266861, at *6, and other courts in the district have stricken contentions where the defendant argued good cause in response to the patentee's objection instead of moving for leave, *e.g.*, *Albritton*, 2019 WL 13026864, at *4.

Regardless, Aleddra is prejudiced. Aleddra collected and produced dictionary and technical standard evidence on October 9 for the terms RAB had identified as indefinite and must now do so for two more on the joint statement schedule, while its experts prepare opening reports due November 4. That is time and expense Aleddra would not have incurred had RAB complied with the rules or withdrawn the theories when asked. If RAB believes good cause exists, Rule 3-7(b) requires it to move.

In the face of the plain language of the Local Patent Rules and the applicable case law, RAB cannot in good faith maintain that it need not move to amend its contentions. Please confirm by Friday, October 16 that RAB withdraws the indefiniteness contention as to "control device" and the § 112(f)/indefiniteness contention as to "power sustaining device," or that it will move for leave before presenting either in the joint claim construction statement. Otherwise Aleddra will object in the joint statement and move to strike.

Separately, the parties are required to meet and confer under Local Patent Rule 4-2(c). We propose October 20 at 1pm ET, please let us know if this works for you. If RAB does not withdraw the two positions by Friday, we will also treat the October 20 conference as the Local Rule 7.1 conference on Aleddra's motion to strike.

Best,
Mike

---

**From:** Custer, John W. <John.Custer@WolfGreenfield.com>
**Date:** Tuesday, October 13, 2026 at 12:59 PM
**To:** Michael Sadowitz <mike@radip.com>; Delaneau, Erika <Erika.Delaneau@WolfGreenfield.com>; scallahan@ccrglaw.com <scallahan@ccrglaw.com>; cbovenkamp@ccrglaw.com <cbovenkamp@ccrglaw.com>; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Cc:** bdavis@davisfirm.com <bdavis@davisfirm.com>; tfisher@davisfirm.com <tfisher@davisfirm.com>; jjohnson@davisfirm.com <jjohnson@davisfirm.com>; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com <Rab-df@davisfirm.com>
**Subject:** RE: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

Mike,

We write in response to your email sent at 7:10 p.m. on Friday, October 9, which asked RAB to confirm by Monday, October 12 that it would withdraw two claim construction positions. Monday was a federal holiday, so that deadline left RAB no business days to consider your request. Unilateral deadlines of that kind are not a productive way to meet and confer. In any event, RAB does not agree to withdraw its positions on "control device" ('782 Patent, claims 1 and 21) or "power sustaining device" ('946 Patent, claim 1).

First, both terms were before the parties well before preliminary constructions were exchanged as the terms appear on RAB's September 18 lists of proposed terms and claim elements. Aleddra has therefore known since then that the scope and meaning of these terms are in dispute. Whether a term is governed by § 112(f) is a question of claim construction for the Court.

Second, nothing in the Court's Scheduling Order or Misc. Order 62 bars RAB from identifying § 112(f) elements through the claim construction process. The Scheduling Order required only that the parties "exchange their respective proposed terms and claim elements for construction" and then "meet and confer regarding a list of proposed terms and claim elements." Dkt. 19 ¶ 4(b). Misc. Order 62 likewise directs the parties to meet and confer "for the purposes of finalizing a combined list, narrowing or resolving differences," ¶ 4-1(b), and addresses elements "the parties collectively contend" are governed by § 112(f), ¶ 4-2(a). Neither contains any preclusion provision for the term exchange. The Order's finality and amendment provisions, ¶¶ 3-6 and 3-7(b), apply by their terms to infringement and invalidity contentions, not to the parties' term lists. The process contemplates that the parties' identification of terms and § 112(f) elements will be refined as the exchange proceeds, which is exactly what has occurred here.

Third, RAB's position that these terms lack corresponding structure follows directly from construing them. Indefiniteness for lack of corresponding structure arises once a term is determined to be governed by § 112(f), which is itself a claim construction determination. It is a claim construction position, not a new invalidity theory based on new prior art, and it is properly presented through the claim construction process.

Fourth, Aleddra's premise that RAB's preliminary invalidity contentions are "deemed final" is incorrect. Misc. Order 62 does not control to the extent "otherwise ordered or specified [in the Scheduling Order]." D.I. 19. And the Scheduling Order expressly provides that RAB "shall make final invalidity contentions on or before 50 days after the Court's Claim Construction Ruling." Dkt. 19 ¶ 6. RAB's invalidity contentions are therefore not yet final, and Aleddra's reliance on ¶¶ 3-6 and 3-7(b) of Misc. Order 62 is misplaced.

Fifth, Aleddra has suffered no prejudice. The joint claim construction statement is not due until October 30 (per the parties' agreement), claim construction discovery remains open through December 10, and opening claim construction briefs are not due until January 25, 2027. Dkt. 19 ¶ 4(e)–(f). Aleddra has ample opportunity to respond on the merits, including by identifying whatever structure it contends corresponds to the claimed functions. To the extent the Court concludes that any further step is required, RAB reserves the right to seek leave to amend its invalidity contentions, and good cause would plainly exist on this record.

RAB will present its positions on both terms in the joint claim construction statement, and Aleddra is free to note its objection there.

Best,

John Custer
**Associate**
John.Custer@wolfgreenfield.com
617.646.8664

Wolf, Greenfield & Sacks, P.C.
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** Michael Sadowitz <mike@radip.com>
**Sent:** Friday, October 9, 2026 7:10 PM
**To:** Delaneau, Erika <Erika.Delaneau@WolfGreenfield.com>; scallahan@ccrglaw.com; cbovenkamp@ccrglaw.com; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Cc:** bdavis@davisfirm.com; tfisher@davisfirm.com; jjohnson@davisfirm.com; WGS-Aleddra v. RAB Lighting <WGS-

Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com
**Subject:** Re: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

Counsel,

RAB's preliminary constructions served today assert two positions that are not in RAB's September 18 invalidity contentions: that "control device" ('782, claims 1 and 21) is indefinite, and that "power sustaining device" ('946, claim 1) is governed by § 112(f) and indefinite for lack of corresponding structure. RAB's contentions do not identify either term under § 112, and RAB's September 18 term list did not identify any element as governed by § 112(f).

Misc. Order 62 ¶ 3-3(a)(4) required RAB to identify in its invalidity contentions any limitation it contends is indefinite, and ¶ 4-1(a) required RAB to identify any § 112(f) element in the September 18 exchange. Under ¶ 3-6 the preliminary contentions are deemed final, and under ¶ 3-7(b) they may be amended only by court order on a showing of good cause. RAB has not sought leave.

Please confirm by Monday, Oct. 12 that RAB withdraws the indefiniteness contention as to "control device" and the § 112(f)/indefiniteness contention as to "power sustaining device." If RAB will not, we will raise the issue in the joint claim construction statement and with the Court. Aleddra reserves all rights.

Best,
Mike

Michael Sadowitz
Radulescu LLP | Of Counsel

646-502-5858 Direct
646-502-5959 Fax
702-494-9041 Cell
mike@radip.com
LI: msadowitz

---

**From:** Delaneau, Erika <Erika.Delaneau@WolfGreenfield.com>
**Date:** Friday, October 9, 2026 at 2:01 PM
**To:** scallahan@ccrglaw.com <scallahan@ccrglaw.com>; cbovenkamp@ccrglaw.com <cbovenkamp@ccrglaw.com>; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; Michael Sadowitz <mike@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Cc:** bdavis@davisfirm.com <bdavis@davisfirm.com>; tfisher@davisfirm.com <tfisher@davisfirm.com>; jjohnson@davisfirm.com <jjohnson@davisfirm.com>; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com <Rab-df@davisfirm.com>
**Subject:** Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions
Counsel,

Please find attached regarding RAB's Preliminary Claim Constructions in the above-referenced case.

Kind Regards,
Erika

**Erika Delaneau**
**IP Litigation Paralegal**
Erika.Delaneau@wolfgreenfield.com
O: 212.849.3353
**Wolf, Greenfield & Sacks, P.C.**
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*