**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| ALEDDRA INC. | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 7:26-cv-00065-O |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| RAB LIGHTING INC. | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF ALEDDRA INC.'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS**

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 1

A. State of the Case........ 1

B. The Preliminary Infringement Contentions ........ 2

C. RAB's document productions, interrogatory responses, and production of product samples........ 2

D. Aleddra's analysis and incorporation of the newly produced information........ 3

E. The proposed amendments ........ 4

1. Newly enumerated accused products........ 4

2. Updated circuit schematics based on RAB-produced discovery........ 4

3. Refinement of claim element identifications based on RAB-produced discovery ........ 5

4. Narrowing/housekeeping ........ 5

III. LEGAL STANDARD........ 6

IV. ARGUMENT........ 6

A. Good cause exists for Aleddra's proposed amendments because Aleddra was diligent ........ 6

B. Aleddra's proposed amendments are important ........ 10

C. No prejudice will result from allowing the amended infringement contentions .. 11

D. No continuance is necessary if the Court finds prejudice........ 13

V. CONCLUSION........ 13

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Arigna Tech. Ltd. v. Volkswagen AG*,
No. 2:21-CV-00054-JRG-RSP, 2022 WL 2761288 (E.D. Tex. Jan. 19, 2022)................10, 12

*BookIT Oy v. Bank of Am. Corp.*,
No. 3:17-CV-2577-K, 2019 WL 13156601 (N.D. Tex. Feb. 11, 2019) .................................10

*CommScope Techs. LLC v. Dali Wireless, Inc.*,
No. 3:16-CV-0477-M, 2018 WL 4566130 (N.D. Tex. Sept. 21, 2018) ...................................6

*Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*,
No. CIV.A. 6:07-CV-559, 2009 WL 81874 (E.D. Tex. Jan. 12, 2009)..............................6, 10

*KAIST IP US LLC v. Samsung Elecs. Co.*,
No. 2:16-CV-01314-JRG-RSP, 2018 WL 1806765 (E.D. Tex. Apr. 17, 2018)........................9

*Mobile Telecomms. Techs., LLC v. BlackBerry Corp.*,
No. 3:12-cv-1652-M, 2016 WL 2907735 (N.D. Tex. May 17, 2016) .....................................8

*Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*,
No. 1:17-cv-01972, 2023 WL 112559 (N.D. Ill. Jan. 5, 2023)..............................................12

*Realtime Data, LLC v. Actian Corp.*,
Nos. 6:15-CV-463-RWS-JDL & 6:16-CV-88-RWS-JDL, 2016 WL 9340797
(E.D. Tex. Aug. 11, 2016) ...........................................................................................9, 10, 11

*SnapRays, LLC v. Am. Tack & Hardware Co.*,
No. 3:24-CV-1228-O, 2025 WL 5266861 (N.D. Tex. Dec. 18, 2025)...............................8, 12

*Summit 6 LLC v. HTC Corp.*,
No. 7:14-cv-00014-O, 2015 WL 11117869 (N.D. Tex. Jan. 8, 2015)....................................11

*Thomas Swan & Co. v. Finisar Corp.*,
No. 2:13-cv-178-JRG, 2014 WL 12599219 (E.D. Tex. Aug. 11, 2014) ..................................7

*Trs. of Purdue Univ. v. STMicroelectronics, Inc.*,
No. W-21-CV-00727-ADA, 2023 WL 4923972 (W.D. Tex. Aug. 1, 2023)............................8

# I. INTRODUCTION

Plaintiff Aleddra Inc. respectfully seeks leave to amend its Preliminary Infringement Contentions pursuant to Local Patent Rule 3-7(b). Since the service of those initial contentions, defendant RAB Lighting Inc. has produced confidential technical documents relating to the functionality of the accused products, interrogatory responses concerning those products, actual sample products, and its non-infringement contentions. Aleddra and its expert have diligently analyzed these new documents, interrogatories, contentions, and samples, and the proposed amendments are based on this newly-served discovery. Unlike RAB's proposed invalidity contention amendments, Aleddra's proposed amendments are not the result of inadvertent neglect or mistake. Rather, they reflect and incorporate newly produced information. Aleddra's amendments propose minor modifications to components meeting certain claim elements and add for one limitation of one patent an additional infringement ground under the doctrine of equivalents. While Aleddra believes these modifications are well within the normal level of enhanced detail offered without amendment when a party serves its expert disclosures, it nonetheless is offering these amendments to provide proactive disclosure. These proposed amendments were disclosed to RAB on October 27, 2026, more than three weeks before the service of Aleddra's opening expert report on infringement, to which RAB will have adequate time to respond, and therefore RAB will suffer no prejudice. Accordingly, Aleddra's motion for leave to amend its infringement contentions should be granted.

# II. FACTUAL BACKGROUND

## A. State of the Case

This case was filed on June 5, 2026. The Court issued its Scheduling Order on July 7, 2026. Dkt. No. 19. Trial is set for June 7, 2027. Claim construction has not yet occurred. The Parties' Joint Claim Construction Prehearing Statement is due on November 10, 2026. *Id.* at 2.

The parties have stipulated to serve their opening expert reports on November 18, 2026. Dkt. No. 77.

### B. The Preliminary Infringement Contentions

Aleddra served its Preliminary Infringement Contentions on RAB on August 10, 2026. Appx00001. In those contentions, Aleddra identified certain electrical components in RAB's LED tube lights as infringing the claims of the asserted patents. *See, e.g.*, Appx000008. These contentions included evaluation of complex circuits and their operation. While Aleddra was diligent in preparing these contentions, the contentions were necessarily limited by incomplete information. For example, Aleddra could not identify certain bespoke integrated circuits and/or did not have complete documentation of their operation. Similarly, Aleddra did not have bills of materials identifying all the individual circuit components and their operational characteristics. Aleddra's Preliminary Infringement Contentions were based on teardowns of RAB products it had purchased from third-party sources. *Id*. Although Aleddra had served its discovery requests on July 6, 2026, when Aleddra served its Preliminary Infringement Contentions, RAB had not yet produced any non-public documents, including technical documents showing the electrical components within the accused products. Dkt. No. 56 at 3-4.

### C. RAB's document productions, interrogatory responses, and production of product samples

RAB did not begin producing its technical documents until August 28, and made additional productions on September 16, 23, 24, and 28. Appx000061-65. These productions included, among other things, circuit schematics showing the electrical components of the accused products and how they are connected, bills of materials identifying the electrical components inside the accused products including complete identification of the components

therein, and specification sheets for integrated circuit chips used in the accused products.[1] *See, e.g.,* Appx000244.

RAB additionally supplemented its interrogatory responses on September 2, 25, and 29 to correlate technical documents to the relevant accused product. Appx000079-84. Those interrogatory responses also identified additional products that had the same circuit boards as products already accused of infringement. *See, e.g.* Appx000076-77. RAB also provided its non-infringement contentions in response to Interrogatory No. 12 on September 8, 2026. Appx000105-12. Finally, RAB produced samples of the accused products in mid-September. Appx000798-99.

**D. Aleddra's analysis and incorporation of the newly produced information**

After reviewing the newly produced documents and information, including RAB's interrogatory responses and its non-infringement contentions, and analyzing the product samples produced by RAB, Aleddra worked diligently with its expert to update the contentions to incorporate this new information and to refine the specific identifications of components accordingly. Updated contentions were provided to RAB on October 27, 2026, and Aleddra proposed that the parties consent to the respective amendments each side was seeking, to avoid motion practice. Appx000804-05. However, on October 29, 2026, RAB informed Aleddra that it would not consent to Aleddra's proposed amendments and proceeded to file its own motion for leave to amend its invalidity contentions an hour later. Appx000801; Dkt. No. 75. Aleddra subsequently prepared and filed this motion.

---

[1] As discussed in Aleddra's motion to compel, RAB initially refused to produce confidential technical documents until Aleddra threatened to seek relief from the Court. Dkt. No. 56 at 3-4.

### E. The proposed amendments

Aleddra summarizes the proposed amendments, and the bases therefor, below.[2]

1. Newly enumerated accused products

In its original contentions, Aleddra expressly identified products having the same circuit boards and functionality as infringing but lacked the specific identities of these products. Appx000003-4. RAB identified multiple products in its September 25, 2026 supplemental interrogatory responses as having the same circuit boards as products already accused of infringement. Appx000076-77. RAB also produced relevant technical documents for these products on September 23. Appx000063. Aleddra accordingly identified these products in the preambles to certain infringement charts as also infringing in the same manner as the products shown in those charts. The amended infringement contention charts expressly identifying these specific products as infringing in the same manner as previously accused products are found in Exhibits 551-04 and 551-05 of the proposed amended contentions. Appx000635-79.[3]

2. Updated circuit schematics based on RAB-produced discovery

For several accused products, the Preliminary Infringement Contentions identified certain integrated circuits by their chip markings (i.e., by the physical marks on the chips visible by human inspection), upon information and belief, because as discussed *supra*, RAB had not produced any technical documents when those contentions were served. Appx000244. RAB's subsequently produced bills of materials and datasheets identified these integrated circuits, and

[2] Aleddra has filed with this motion its proposed amended contentions. There are additional infringement contention claim charts that were previously served on August 10, 2026 that are not being amended in this amendment.

[3] Because RAB produced documents, information, and product samples for these additional products after August 10, RAB has no plausible argument that these products were not encompassed by Aleddra's Preliminary Infringement Contentions, and the amendments in this category are merely an enumeration of these products.

Aleddra amended its contentions to reflect these part numbers and to cite the documents produced by RAB. *Id.* Aleddra also conformed certain circuit schematics to the schematics produced by RAB for these products. The amended infringement contention charts for these products are found in Exhibits 396-01, 396-02, 396-03, 551-03, 551-04, 551-05, 782-01-03, 905-01-03, and 946-01-03 of the proposed amended contentions. Appx000124-797.[4]

3. Refinement of claim element identifications based on RAB-produced discovery

For several accused products and claim assertions, the proposed amendments refine how particular claim elements are identified in the infringement contention charts and add a single supplemental theory under the doctrine of equivalents. These refinements are based on RAB's technical document production, RAB's production of product samples, RAB's non-infringement contentions, and/or ongoing analysis of RAB's accused products and in no way change Aleddra's basic theory of infringement. The amendments in this category rely on component datasheets produced by RAB, the component values found in bills of materials produced by RAB, measurements of the product samples produced by RAB, and technical analyses of the accused products. They also respond to positions taken by RAB in its non-infringement contentions. The amended infringement contention charts for these products are found in Exhibits 396-01, 396-02, 396-03, 551-03, 551-04, 551-05, 905-01, 905-02, 946-01-03, 782-01, 782-03 of the proposed amended contentions. Appx000124-226, 274-504, 559-797.

4. Narrowing/housekeeping

For several accused products, the proposed amendments make typographical corrections and withdraw certain claims against certain products. The amended infringement contention

[4] Because none of these proposed amendments change which component is accused of meeting a particular claim element, Aleddra believes RAB has no plausible argument that leave to amend is required for these changes, but disclosed these proposed amendments to RAB to give it notice.

charts for these products are found in Exhibits 946-02, 782-03, and the amended cover pleading of the proposed amended contentions.[5] Appx000116-123, 332-392, 559-611.

## III. LEGAL STANDARD

In determining whether to grant leave to amend infringement contentions, courts in the Northern District of Texas have considered the following factors: (1) good cause to amend, looking at the reason for delay and whether the party was diligent; (2) the importance of what the court is excluding; (3) a lack of prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure any such prejudice. *See CommScope Techs. LLC v. Dali Wireless, Inc.*, No. 3:16-CV-0477-M, 2018 WL 4566130, at *5-7 (N.D. Tex. Sept. 21, 2018); *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. CIV.A. 6:07-CV-559, 2009 WL 81874, at *3 (E.D. Tex. Jan. 12, 2009). Under the Local Patent Rules, "good cause" may include newly discovered accused instrumentalities or newly discovered bases for claiming infringement. *See* Misc. Order No. 62 ¶ 3-7(b).

## IV. ARGUMENT

### A. Good cause exists for Aleddra's proposed amendments because Aleddra was diligent

In its Preliminary Infringement Contentions, Aleddra disclosed its infringement theories based on its teardown of accused products it purchased on the open market. Those contentions did not reflect any RAB confidential technical information or product samples produced by RAB, because RAB did not produce either prior to the contentions deadline. Aleddra put RAB on notice in its contentions regarding RAB's discovery deficiencies to date and that it reserved

[5] Aleddra also does not believe that these amendments require leave but disclosed them to RAB to give it notice.

the right to seek amendment of its contentions once RAB produced relevant discovery. Appx000003-4.

Accordingly, Aleddra requests that the Court grant leave to amend its contentions to add information that was not available earlier because of the timing of RAB's document productions and discovery responses, and to identify additional accused products that RAB later identified in discovery. *See supra* Section II.E. Aleddra's proposed amended contentions reflect its additional analyses completed after receiving discovery from RAB, and the contentions also cite to this discovery in support of Aleddra's infringement theories. *See id*.

Pursuant to Misc. Order 62 ¶ 3-7(b), Aleddra states that its proposed amendments were not known to Aleddra prior to the service of its Preliminary Infringement Contentions because the discovery now relied upon had not yet been produced. Aleddra diligently sought this discovery, but RAB delayed producing it. Aleddra served its first set of discovery requests on July 6, 2026, but RAB did not start producing confidential technical documents until August 28, 2026, and only after Aleddra threatened to file a motion to compel. Dkt. No. 56 at 3-4. RAB did not produce product samples until mid-September, and it continued producing technical documents now relied upon in Aleddra's proposed amended contentions throughout September. Appx000061-65. Given this timeline of discovery, there is good cause for Aleddra's amendments. *See, e.g.*, *Thomas Swan & Co. v. Finisar Corp.*, No. 2:13-cv-178-JRG, 2014 WL 12599219 (E.D. Tex. Aug. 11, 2014) (granting leave to amend contentions and finding that "[g]iven the relative dearth of information produced before the Plaintiff's previous contentions, the proposed amendments are entirely consistent with the information-forcing purpose of the Local Patent Rules, and this factor weighs in favor of permitting the proposed amendment").

Moreover, Aleddra permissibly refined some of its infringement contentions in view of the newly produced documents and information. It worked to analyze and apply this new information, and in some cases, to adjust how certain claim elements were mapped onto the accused products. *See* Sections II.E.2-3. Courts have found that such refinement does not constitute a new theory of infringement, but out of an abundance of caution, Aleddra provided notice of these refinements to RAB and is seeking leave for them as well. *See, e.g., Mobile Telecomms. Techs., LLC v. BlackBerry Corp.*, No. 3:12-cv-1652-M, 2016 WL 2907735, at *1, *3 (N.D. Tex. May 17, 2016) (applying Misc. Order No. 62 and denying motion to strike; "[e]xpert reports may include information obtained during discovery, including information outside the specific confines of the infringement contentions, without altering the disclosed theory of infringement," and expert who "refined his opinions based on the discovery produced, but did not materially change the infringement theory" did not present a new theory); *Trs. of Purdue Univ. v. STMicroelectronics, Inc.*, No. W-21-CV-00727-ADA, 2023 WL 4923972, at *1 (W.D. Tex. Aug. 1, 2023) (finding that plaintiff's adjustment of a "point of measurement from one set of microscopic lines in the layers of a GDS mask file to the next, nearby microscopic lines" based on defendants' witness's testimony "does not result in a new theory of infringement" and that plaintiff could have merely disclosed this information in its expert report).

Aleddra also has good cause for the other amendments it is seeking. In its interrogatory responses, RAB identified additional products containing the same circuitry as the accused products. Appx000076-77. Aleddra specifically accused such products of infringement, and RAB provided no basis for refusing to consent to these amendments. Appx000003-4; Appx000801 (Speed email, no mention of new products in contentions). *See SnapRays, LLC v. Am. Tack & Hardware Co.*, No. 3:24-CV-1228-O, 2025 WL 5266861, at *4–5 (N.D. Tex. Dec.

18, 2025) (O'Connor, C.J.) (granting leave to add product where the preliminary contentions accused the charted products and others "with substantially equivalent structure and function," the information about the added product "was in the sole possession" of the defendant, and the defendant had "informal notice" of the patentee's intent to accuse it). Aleddra's proposed amendments incorporate additions to respond to RAB's non-infringement contentions. *See supra* Section II.E.3. Such amendments are also permitted. *Realtime Data, LLC v. Actian Corp.*, Nos. 6:15-CV-463-RWS-JDL & 6:16-CV-88-RWS-JDL, 2016 WL 9340797, at *3 (E.D. Tex. Aug. 11, 2016) (granting leave to amend infringement contentions to add doctrine of equivalents theory in light of non-infringement contentions); *see also KAIST IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314-JRG-RSP, 2018 WL 1806765, at *3 (E.D. Tex. Apr. 17, 2018).

Aleddra has been diligent in seeking amendment of its contentions. It disclosed the proposed amendments to RAB in late October, about a month after Aleddra received the last of RAB's supplemental discovery responses (although RAB continued producing technical documents in late October), and then sought RAB's agreement to bring a joint motion to amend both Aleddra's infringement contentions and RAB's invalidity contentions to the Court, which RAB refused. Aleddra's actions demonstrate diligence after receiving the predicate discovery from RAB. *See Realtime Data*, 2016 WL 9340797 at *3 (finding plaintiff's amended contentions diligent where it sought discovery from defendant for more than six months after service of preliminary contentions).

In rejecting the proposed agreement for mutual leave to amend contentions, RAB's counsel asserted that Aleddra could not show good cause under Misc. Order No. 62 because Aleddra had had the accused products in hand since before the contentions were filed. Appx000801. RAB's argument is beside the point. Although Aleddra analyzed the versions of

the accused products that Aleddra acquired on its own, Aleddra did not have access to certain technical documents regarding the components and integrated circuits present in the accused products. *See supra* Section II.E.2-3 (proposed amendments made to include citations to newly produced technical documents). Nor did Aleddra have the product samples produced by RAB. Aleddra is entitled to analyze the discovery it received from RAB and incorporate that discovery in its contentions. *BookIT Oy v. Bank of Am. Corp.*, No. 3:17-CV-2577-K, 2019 WL 13156601, at *5 (N.D. Tex. Feb. 11, 2019) (patentee "could not and should not be required to plead a theory of infringement for which it does not have a legitimate basis of support"; amending once the information was obtained in discovery was diligent). Under RAB's position, a patentee could never amend its contentions if it could reverse engineer (to whatever degree possible) the accused products on its own. This would defeat the entire point of discovery, making RAB's argument untenable.

**B. Aleddra's proposed amendments are important**

To determine the importance of the amendments to the litigation, courts consider whether allowing or striking the amended infringement contentions would deter game-playing, deter actual violation of the rules, or discourage voluntary exchange of information. *Davis-Lynch*, 2009 WL 81874, at *4. Aleddra's amendments are important because they incorporate information from discovery produced by RAB after the service of Aleddra's Preliminary Infringement Contentions. *Arigna Tech. Ltd. v. Volkswagen AG*, No. 2:21-CV-00054-JRG-RSP, 2022 WL 2761288, at *2 (E.D. Tex. Jan. 19, 2022) (finding patentee's amendments "important" because "the amended infringement contentions provide greater detail of how Arigna's infringement theory applies to the [accused product]"); *Realtime Data*, 2016 WL 9340797, at *3 (finding amendment important where doctrine of equivalents allegation was added in response to non-infringement contentions because it "provides Plaintiff an alternate means to prove

infringement and is closely tied to the infringement contentions already alleged"). And, if Aleddra is barred from incorporating that discovery into its contentions and its expert report, that would discourage the voluntary exchange of information between the parties.

**C. No prejudice will result from allowing the amended infringement contentions**

RAB will not be prejudiced by allowing Aleddra to amend its infringement contentions. The proposed amendments do not add new patents and do not add new patent claims. As discussed *supra* in Section II.E, most of the amendments expand upon existing infringement theories by adding more details derived from RAB's documents, product samples, and interrogatory responses, similar to what courts in this circuit have permitted. *See, e.g., Realtime Data*, 2016 WL 9340797, at *3 (finding that doctrine of equivalents theory was not a "wholesale alteration of Plaintiff's contentions").

These contentions were served several weeks ahead of the parties' Joint Claim Construction and Prehearing Statement, allowing RAB the opportunity to revise its claim construction positions (to date, it has not suggested any new positions). Moreover, Aleddra has not yet served its infringement expert report, meaning RAB will have ample opportunity to respond to the infringement allegations in Aleddra's amended contentions. Discovery is not scheduled to close until January 8, 2027. Dkt. 19 at 4. *See Summit 6 LLC v. HTC Corp.*, No. 7:14-cv-00014-O, 2015 WL 11117869, at *4 (N.D. Tex. Jan. 8, 2015) (O'Connor, J.) ("Because litigation is still in an early stage, there is little danger of unfair prejudice . . . ." and noting that amendment "was requested before the claim construction hearing and before the final infringement contentions were due").

Additionally, while some amendments make modifications for a particular claim limitation, those changes link directly back to the discovery that RAB had not produced at the

time Aleddra served its Preliminary Infringement Contentions, including RAB's non-infringement contentions. *See supra* Section II.E.1-3.

Unlike RAB's proposed amendments, which add entirely new invalidity grounds that RAB admits it neglected to assert earlier due to alleged oversight,[6] Aleddra's proposed amendments expand upon and elucidate the existing infringement theories. Nor has RAB identified any prejudice, such as a claim construction theory it must now alter. *See SnapRays*, 2025 WL 5266861, at *5 (finding no unfair prejudice where defendant "has not shown that the amendment of the infringement contentions will impact claim construction issues"); *Arigna Tech.*, 2022 WL 2761288, at *2 (finding defendant did not show any prejudice when its only argument with respect to this factor was that plaintiff's infringement theories changed).

Finally, the delay in disclosing additional products with the same circuitry and the delay in document production were caused by RAB. *See supra* Section II.C (noting document requests and interrogatories served in July 2026 but not fully answered until September 2026). RAB cannot credibly claim that it will be prejudiced by its own belated disclosures. *See Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, No. 1:17-cv-01972, 2023 WL 112559, at *4 (N.D. Ill. Jan. 5, 2023) (citing *Mondis Tech., Ltd. v. LG Elecs., Inc.*, Nos. 2:07-cv-565-TJW-CE, 2:08-cv-478-TJW, 2011 WL 2149925, at *2 (E.D. Tex. May 5, 2011) ("TPV cannot complain of prejudice when it was TPV's discovery procedures that created, at least in part, the problem.")).

This factor weighs in favor of allowing Aleddra to amend its infringement contentions.

---

[6] As Aleddra will argue in its forthcoming opposition to RAB's motion for leave to amend, Aleddra is prejudiced by the addition of two entirely new invalidity theories that RAB was not diligent in adding.

### D. No continuance is necessary if the Court finds prejudice

To the extent the Court finds any prejudice, a continuance is not needed to cure that prejudice. RAB is already on notice of Aleddra's amended contentions, having received the amended charts on October 27, 2026, and it will have a full chance to respond to Aleddra's infringement allegations after receiving Aleddra's infringement expert report later this month. In any event, an extension of RAB's deadline to serve its non-infringement expert report would further cure any prejudice found.

This factor weighs in favor of allowing Aleddra to amend its infringement contentions.

## V. CONCLUSION

For the foregoing reasons, Aleddra's motion should be granted.

Dated: November 5, 2026

Respectfully submitted,

*/s/ Jonathan Auerbach*

David C. Radulescu, Ph.D. (*pro hac vice*)
Etai Lahav (*pro hac vice*)
Bryon Wasserman (*pro hac vice*)
Michael Sadowitz (*pro hac vice*)
Jonathan Auerbach (*pro hac vice*)
Andrew S. Brown (*pro hac vice*)
**RADULESCU LLP**
5 Penn Plaza, 19th Floor
New York, New York 10001
Telephone: (646) 502-5950
Facsimile: (646) 502-5959
david@radip.com
etai@radip.com
bryon@radip.com
mike@radip.com
jonathan@radip.com
andy@radip.com

Kevin S. Kudlac (Bar No. 00790089)
**RADULESCU LLP**
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: (512) 656-5743

kevin@radip.com

Steven Callahan
Christopher T. Bovenkamp
**Charhon Callahan Robson & Garza PLLC**
3333 Lee Parkway, Suite 460
Dallas, TX 75219
214-521-6400
Fax: 214-764-8392
scallahan@ccrglaw.com
cbovenkamp@ccrglaw.com

***Attorneys for Plaintiff***
***Aleddra Inc.***

**CERTIFICATE OF CONFERENCE**

I certify that the undersigned counsel for Plaintiff Aleddra Inc. has complied with the meet and confer requirement in Local Rule 7.1(a). On October 27, October 28, October 29, and November 2, counsel for Aleddra (Michael Sadowitz) and counsel for RAB (Nathan R. Speed) conferred via email regarding the relief requested in this motion. In an October 29 email, counsel for RAB confirmed that the parties had reached an impasse on the relief requested in this motion. On November 5, 2026, counsel for Aleddra (Michael Sadowitz) and counsel for RAB (John Custer) further met and conferred by video conference regarding the relief requested in this motion, but still were unable to come to an agreement regarding the motion. Discussions between counsel have conclusively ended in an impasse leaving open issues for this Court to resolve.

By: */s/ Jonathan Auerbach*
Jonathan Auerbach

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on November 5, 2026, the foregoing document was filed electronically with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are deemed to have consented to electronic service.

By: */s/ Jonathan Auerbach*
Jonathan Auerbach