# EXHIBIT 22

Outlook

**Re: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions**

**From** Michael Sadowitz <mike@radip.com>
**Date** Mon 11/2/2026 1:09 PM
**To** Speed, Nathan R. <Nathan.Speed@WolfGreenfield.com>
**Cc** bdavis@davisfirm.com <bdavis@davisfirm.com>; tfisher@davisfirm.com <tfisher@davisfirm.com>; jjohnson@davisfirm.com <jjohnson@davisfirm.com>; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com <Rab-df@davisfirm.com>; scallahan@ccrglaw.com <scallahan@ccrglaw.com>; cbovenkamp@ccrglaw.com <cbovenkamp@ccrglaw.com>; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>

Nathan,

One housekeeping item on Aleddra's proposed amended contentions. In the set we sent on October 27, the main power board schematic for the EM tubes appears in its updated form in Exs. 396-01, 396-02, 396-03 and 551-05, and in Ex. 782-03 at [1g], while the remaining '905, '946 and '782 charts still carried the prior version of that same drawing for the main power board. To avoid any confusion from having two versions of the same schematic in the set, we have conformed the main power board figure in the '905, '946 and '782 charts to the same updated drawing. The change is limited to updating that schematic. None of the differences between the two versions of the drawing involves any component identified for any claim element, and the replacement does not affect Aleddra's infringement contentions at all. We are sending the conformed charts now so that the set Aleddra submits with its motion is the set RAB has reviewed. They can be downloaded here:

[redacted]

We assume RAB's position on the amendments is unchanged, but please let us know if otherwise. If we do not hear back by tomorrow, we will proceed on the understanding that RAB opposes.

Best,
Mike

**From:** Speed, Nathan R. <Nathan.Speed@WolfGreenfield.com>
**Date:** Thursday, October 29, 2026 at 10:26 AM
**To:** Michael Sadowitz <mike@radip.com>
**Cc:** bdavis@davisfirm.com <bdavis@davisfirm.com>; tfisher@davisfirm.com <tfisher@davisfirm.com>; jjohnson@davisfirm.com <jjohnson@davisfirm.com>; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com <Rab-df@davisfirm.com>; scallahan@ccrglaw.com <scallahan@ccrglaw.com>; cbovenkamp@ccrglaw.com <cbovenkamp@ccrglaw.com>; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>

**Subject:** RE: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

Mike,
Thank you for the list of figure changes.
We have reviewed Aleddra's proposed amendments, and RAB does not consent. Aleddra cannot show good cause under Misc. Order No. 62 ¶ 3-7(b). The accused products have been available to Aleddra throughout this case, and Aleddra had them in hand before it served its contentions on August 10. Nothing about those products has changed since then. The circuits Aleddra charts today are the same circuits it examined and charted months ago. To the extent some edits only conform IC part numbers to RAB's production, Aleddra has said it does not believe those edits require amendment, and they do not supply good cause for the rest.
The substantive changes Aleddra now seeks to add do not come from new information. These include the new '551 equivalents theory, the remapped '946 limitations, and the assertion of additional claims against additional products. They are new theories about the same products, and Aleddra could have presented them months ago. Raising them now, days before opening expert reports, would prejudice RAB.
Given the parties' impasse, RAB will file its motion for leave to amend its invalidity contentions.
Best,
Nathan

**From:** Michael Sadowitz <mike@radip.com>
**Sent:** Wednesday, October 28, 2026 8:41 PM
**To:** Speed, Nathan R. <Nathan.Speed@WolfGreenfield.com>
**Cc:** bdavis@davisfirm.com; tfisher@davisfirm.com; jjohnson@davisfirm.com; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com; scallahan@ccrglaw.com; cbovenkamp@ccrglaw.com; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Subject:** Re: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

Nathan,

Thanks for your email.

On the amended contentions, we don't agree with RAB's description of what it needs to review. Yesterday's email made clear that the IC identifications and the corresponding datasheet citations were updated throughout and listed every other redlined location, including every location where there is any modification to the boxes or arrows. Those figures are presented in redline alongside the original figures, and the changes are readily discernible. For the sake of completeness, here is a list of every location where there is a modification to the boxes or arrows (other than the IC identification updates noted above):

- Exs. 396-01, 396-02, 396-03: [1e], additional structures included in the bidirectional circuit identification; claim 3, additional structures included in the first control circuit identification; claims 4 and 5, bidirectional circuit identification carried over from [1e]; claim 19, additional structures included in the voltage regulator identification.
- Ex. 905-02: [1g] and claim 18, CY1A characterization revised.
- Ex. 946-01: [1f], current-sensing resistor (R29/R30) characterization revised.
- Ex. 946-02: [1f], output resistors identified as R19 and R24; claim 11, detection circuit structures identified as U2; claim 16, current-sensing resistor identification revised and BP1808 block diagram added.
- Ex. 946-03: [1f], current-sensing resistor (R25/R27) characterization revised; [1g] and claim 20, CY1A characterization revised; claim 16, current-sensing resistor identified as

internal to the SL6608.
- Ex. 782-03: [1g], third ground reference identification revised.

The figures RAB describes are the clean revisions that email identified, and none of them changes Aleddra's identifications: within those figures, the changes do not touch any component identified for a claim element; wherever an identification did change, the row is redlined and was listed in yesterday's email; and the chart text in the rows where these figures appear is otherwise unchanged. Each change simply conforms the figure to the schematics, datasheets, and bill of materials RAB produced after Aleddra served its contentions, which is why no element-level redline was needed. These figures were updated when the charts were updated and are included for completeness.

However, in the interest of avoiding any unnecessary disputes, here is the complete list of figures that were replaced, by board, as requested:

- SBR10 emergency board (Exs. 905-01, 946-01, 782-01, 396-01): U2 relabeled VAS5175A (was E2706), with pin names.
- T10EM-24 emergency board (Exs. 905-02, 946-03, 782-03, 396-03, 551-05): U3 relabeled SL6608 (was B9HB4S).
- T10EM-17 board (Exs. 905-03, 946-02, 782-02, 396-02): U2 relabeled VAS5175A (was D0802), with pin names; not-populated capacitor C14 added at U2; former C14 redesignated C18; R19 and R24 labels swapped; R11 redrawn in the BP3609 current-sense network.
- SBR10, T10EM-17, and T10EM-24 main power boards (Exs. 396-01, 396-02, 396-03, 551-05, and 782-03 at [1g]): D6A redesignated D5A, R18A and R21A labels swapped, and not-populated C12A, CC1, and R22A added on the SBR10 and T10EM-17 boards; R5A added on the T10EM-17 board; R14A and R15A added, CY1A redrawn to the U1A ground net, and RS3A and RS4A labels swapped on the T10EM-24 board.
- T8-12 and T8-15 (Exs. 551-03, 551-04): no figure changes.

We hope this list resolves RAB's remaining questions about the amendments. If RAB still believes a call is necessary, please let us know when you're available tomorrow or Friday; we would rather not lose the week.

On the schedule, we understand the request to treat it separately, but Aleddra believes the two should be addressed together for now. As you stated in your October 23 email, the reason for the extension is to resolve the amendments before the joint statement and the expert reports. Once RAB has completed its review of the amendments, we expect the rest to fall into place at the same time. Until then, the current dates control, so the joint statement is due Friday and opening expert reports on November 4.

On the joint statement, thank you for confirming RAB's agreement on hearing length, live witnesses, and order of presentation. Aleddra does not agree that RAB's motion to transfer is an issue for the prehearing conference, and the joint statement will reflect each side's position on that item. We will send a draft of the joint statement tomorrow and will look for RAB's evidence chart Friday morning.

On claim construction expert declarations, we agree that the parties can address the timing of the declarations and related depositions by agreement, as RAB proposed, and we are likewise willing to set the issue aside for now.

Best,
Mike

---

**From:** Speed, Nathan R. <Nathan.Speed@WolfGreenfield.com>
**Date:** Wednesday, October 28, 2026 at 11:23 AM
**To:** Michael Sadowitz <mike@radip.com>
**Cc:** bdavis@davisfirm.com <bdavis@davisfirm.com>; tfisher@davisfirm.com <tfisher@davisfirm.com>; jjohnson@davisfirm.com <jjohnson@davisfirm.com>; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com <Rab-df@davisfirm.com>; scallahan@ccrglaw.com <scallahan@ccrglaw.com>; cbovenkamp@ccrglaw.com <cbovenkamp@ccrglaw.com>; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Subject:** RE: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

Mike,

Thanks for your email and for sending the proposed amended contentions. A few responses.

First, on Aleddra's amended infringement contentions, we are not in a position to tell you by today whether RAB consents to or opposes the amendments. The amendments touch fifteen charts across all five patents. Many of the changes are to schematics, and as your email notes, those changes do not show up in redline. Where a figure was replaced, the superseded and amended figures appear one after the other with nothing marking what changed. Where a schematic was updated "for consistency," it was swapped in as a clean revision with no marking at all, and those figures, I believe, are not on the list of redlined locations in your email. Reviewing them means comparing each figure against the August version by hand. One business day is not a reasonable amount of time for that review, especially with opening expert reports due next week.

To help with our review, please send a chart-by-chart list of every figure that was replaced or revised, whether in redline or as a clean revision, with a short description of what changed in each one. We are happy to meet and confer on the proposed amendments once we receive that explanation. I am traveling Thursday and Friday, but I am available Monday.

Second, on the schedule, we proposed the extension as a way to avoid exactly this kind of crunch, and we do not think it should be tied to the amendments. The extension makes sense on its own terms, and we'd ask you to consider it separate from the amendments.

Third, on the joint claim construction statement, RAB agrees with Aleddra's proposals on the hearing length, live witnesses, and order of presentation. As for other issues for the prehearing conference, RAB believes its motion to transfer should be addressed before the claim construction hearing. Please send a draft of the joint statement by tomorrow, and we will add our proposed language.  We will also get you our chart of supporting evidence for RAB's construction by Friday morning.

Finally, on claim construction expert declarations, our intent was not to reopen the parties' agreement. Our concern is that the agreement does not line up with the current Scheduling Order and Misc. Order No. 62, so there is some risk the Court will not follow it. We raised it to get ahead of that issue, not to turn it into a dispute. If Aleddra is comfortable proceeding as was

previously discussed despite the Scheduling Order, we are willing to set the issue aside for now, given everything else the parties are working through.

Best,

Nathan

---

**From:** Michael Sadowitz <mike@radip.com>
**Sent:** Tuesday, October 27, 2026 10:53 PM
**To:** Speed, Nathan R. <Nathan.Speed@WolfGreenfield.com>
**Cc:** bdavis@davisfirm.com; tfisher@davisfirm.com; jjohnson@davisfirm.com; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com; scallahan@ccrglaw.com; cbovenkamp@ccrglaw.com; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Subject:** Re: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

Nathan,

Thanks for your email this morning and for your October 23 email to Bryon proposing revisions to the schedule. We respond to both here, and we are also sending Aleddra's proposed amended infringement contentions, which can be downloaded at the following link:

[redacted]

We have included only the charts which have revisions. We identify the specific claims/elements that contain redlines below.

Aleddra proposes that the parties resolve the amendment issues and the schedule as a package. Each side would agree not to oppose the other's amendments: RAB would not oppose Aleddra's amended infringement contentions, and Aleddra would not oppose RAB's motion for leave to add its "power sustaining device" position and the '905 claim 13 invalidity chart. As part of the same package, Aleddra agrees to the schedule RAB proposed on October 23: the joint claim construction statement on November 10, opening expert reports on November 18, rebuttal reports on December 18, and an agreement now, under paragraph 11 of the Scheduling Order, to extend the January 8 discovery deadline as needed for expert depositions, with the specific date and written notice to the Court set closer to that deadline.

We propose this as a package because the two amendments are different in kind, as you noted, though not in the way you suggested. First, we do not agree that most, if any, of Aleddra's disclosures require amendment. Rather, the more detailed analysis included in our expert report will necessarily entail some evolution and expansion regarding how the accused products operate beyond the component identifications involved in our preliminary disclosure, and we reserve the right to proceed with them in our expert reports even if no agreement or ruling is reached on the contentions. Nonetheless, Aleddra is offering these amendments to avoid any disputes or motion practice later. Aleddra's amendments are also based on information about the accused products and other information disclosed in discovery. That is the paradigm case for good cause under the Local Patent Rules, which turn on the diligence of the party seeking to amend. RAB's amendments, by RAB's own account, correct omissions from contentions RAB prepared with the patents and file histories in hand. Aleddra believes it has the stronger basis to amend. *See, e.g., Thomas Swan & Co. v. Finisar Corp.,* No. 2:13-cv-178-JRG, 2014 WL 12599219 (E.D. Tex. Aug. 11, 2014) (granting leave to amend contentions over produced technical information); *Realtime Data, LLC v. Actian Corp.*, Nos. 6:15-CV-463-RWS-JDL & 6:16-CV-88-RWS-JDL, 2016 WL 9340797 (E.D. Tex. Aug. 11, 2016) (granting leave to amend infringement contentions in light of non-infringement contentions); *BookIT Oy v. Bank of Am.*

*Corp.*, No. 3:17-CV-2577-K, 2019 WL 13156601, at *5 (N.D. Tex. Feb. 11, 2019) (patentee "could not and should not be required to plead a theory of infringement for which it does not have a legitimate basis of support"; amending once the information was obtained in discovery was diligent).

Nevertheless, in the interest of avoiding motion practice on both sides, Aleddra is willing to agree to RAB's schedule and amendments if RAB agrees to Aleddra's.

On the amended contentions themselves, we have included redlined edits showing our changes. The modifications reflect information learned in discovery, such as corrected identifications of the integrated circuits in the accused products or other changes, and new analysis based on information or positions learned in discovery. For any claim elements where component identifications have been modified or supplemented, the schematic images have been deleted in redline and replacement images inserted in redline because changes within figures do not show up in redline. Because Word does not strikethrough deleted images, where a figure has been replaced, both the superseded and the amended figure each appear with a change bar.

We have also included redlined text where there are modifications in the explanatory narrative. Additionally, for the sake of consistency, we have in certain instances updated the schematics to reflect information learned in discovery (such as the corrected identifications of the ICs) without changing the identifications of claimed elements/components. These have been replaced in the contentions as clean revisions instead of in redline, as the redlines would otherwise be indecipherable.

Other than updates to IC model numbers and the corresponding datasheet citations, which appear throughout, the redline edits are located at the following claims/limitations:

905-01: [1h]

905-02: 18

946-01: [1f], [1h], 3

946-02: [1f], 11, 16

946-03: [1f], 16, 20

782-01: 20

782-03: [1g]

396-1, 396-2, 396-3: 1[e], 3, 4, 5, 19

551-3, 551-4, 551-5: 1[e]

Additionally, we have dropped the following claims:

946-02: 12, 13

On claim construction expert declarations, we respectfully disagree with RAB's account of the parties' agreement. The agreement predated the joint motion. In the August 5 email exchange on the agreed motion to modify the schedule, Bryon wrote to confirm "our previous agreement that the parties will disclose and file their claim construction expert declarations with their briefs," and Mike Rader responded that RAB "will provide the declaration with our brief and understand[s] you will likewise provide any expert claim construction declaration with your opening brief." Nothing in that exchange limited the agreement to the schedule proposed in the motion. Indeed, the email went on to discuss other questions that were contingent on the new schedule and identified them as such. RAB's position now is that the parties can address the timing of declarations and related depositions by agreement without the Court's involvement, and we agree. We therefore see no reason to revisit the parties' agreement. Aleddra will serve

its declaration with its opening brief, and the parties should agree to a reasonable period between the opening and responsive briefs for depositions of the declarants.

As things stand, and as you note, the JCCS is due Friday. Aleddra is still considering whether it can agree to any of RAB's constructions and will let you know as soon as it has decided. On the remaining items under paragraph 4-3(a), Aleddra proposes that the hearing be set for three hours, divided equally between the parties; that neither side call a live witness; that the parties proceed term-by-term in the order the terms appear in the joint statement with Aleddra presenting first on each term except for those terms for which RAB seeks a ruling of indefiniteness; and that there are no other issues for the prehearing conference.

Given Friday's deadline, please let us know RAB's position on the package by end of day tomorrow so the parties know which joint statement date they are working toward. Once RAB has considered the proposal, we can set up a call as needed.

Best,
Mike

---

**From:** Speed, Nathan R. <Nathan.Speed@WolfGreenfield.com>
**Date:** Tuesday, October 27, 2026 at 7:37 AM
**To:** Michael Sadowitz <mike@radip.com>
**Cc:** bdavis@davisfirm.com <bdavis@davisfirm.com>; tfisher@davisfirm.com <tfisher@davisfirm.com>; jjohnson@davisfirm.com <jjohnson@davisfirm.com>; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com <Rab-df@davisfirm.com>; scallahan@ccrglaw.com <scallahan@ccrglaw.com>; cbovenkamp@ccrglaw.com <cbovenkamp@ccrglaw.com>; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Subject:** RE: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

Mike,

The Joint Claim Construction and Prehearing Statement is due Friday, and there are a few open items we should close out on before then. Are you available for a call this afternoon or tomorrow?

Beyond the disputed claim terms, the open items I see under the Miscellaneous Order are:

- the proposed length of the Markman hearing;
- whether either side will call a live witness;
- the proposed order of presentation; and
- any other issues for a prehearing conference.

The other open item is claim construction expert declarations. I spoke with my team about your recollection that the parties agreed to exchange expert declarations with their claim construction briefs. We did discuss that, but in connection with the joint motion to amend the schedule, which would have moved the Markman proceedings ahead of expert discovery. The Court has not ruled on that motion, so the current Scheduling Order still controls.

The current schedule creates a timing problem. Claim construction discovery closes on December 10, 2026 (Dkt. No. 19 ¶ 4(e)), and all discovery closes on January 8, 2027 (*id.* ¶ 11). Opening briefs, however, are not due until January 25, 2027 (*id.* ¶ 4(f)). Moreover, Misc. Order No. 62 contemplates that claim construction expert disclosures will be served with the joint statement (¶ 4-3(b)).

It sounds like both teams would still prefer to exchange expert declarations closer to the opening briefs, which is also the more typical practice. Is Aleddra still willing to agree on a

schedule for claim construction expert declarations and any related depositions? We could include a statement to that effect in the joint statement.
If so, we should settle on an exchange date. Exchanging declarations with the opening briefs, as we discussed before, would leave only the two weeks before responsive briefs for expert depositions. It would also mean neither side could cite deposition testimony in its opening brief, which the Court may expect given the December 10 and January 8 deadlines. We propose exchanging declarations early enough that depositions can be completed, and the transcripts cited in the opening briefs, ideally before the January 8 discovery cutoff. If needed, the parties can extend that cutoff by agreement under ¶ 11. We are flexible on the exact date.
Happy to discuss during our call too.
Best,
Nathan

---

**From:** Speed, Nathan R.
**Sent:** Friday, October 23, 2026 12:34 PM
**To:** 'Michael Sadowitz' <mike@radip.com>
**Cc:** 'bdavis@davisfirm.com' <bdavis@davisfirm.com>; 'tfisher@davisfirm.com' <tfisher@davisfirm.com>; 'jjohnson@davisfirm.com' <jjohnson@davisfirm.com>; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; 'Rab-df@davisfirm.com' <Rab-df@davisfirm.com>; 'scallahan@ccrglaw.com' <scallahan@ccrglaw.com>; 'cbovenkamp@ccrglaw.com' <cbovenkamp@ccrglaw.com>; 'Bryon Wasserman' <bryon@radip.com>; 'Etai Lahav' <etai@radip.com>; 'aleddra-RAB_SERVICE' <aleddra-RAB_SERVICE@radip.com>
**Subject:** RE: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

Michael,

One minor edit to RAB's proposed constructions. For "forward voltage across," we are going to change the construction from "an applied voltage to provide for current flow" to "an applied voltage providing current flow." That minor edit is reflected in the attached.

Thanks,

Nathan

---

**From:** Speed, Nathan R.
**Sent:** Tuesday, October 20, 2026 4:09 PM
**To:** Michael Sadowitz <mike@radip.com>
**Cc:** bdavis@davisfirm.com; tfisher@davisfirm.com; jjohnson@davisfirm.com; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com; scallahan@ccrglaw.com; cbovenkamp@ccrglaw.com; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Subject:** RE: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

Mike,

Thanks for the productive call today. As I mentioned I would do, I have prepared an updated version of our preliminary claim constructions that reflect compromises we reached during the call. I am also attaching a redline reflecting those changes.

Here is a summary of what changed from RAB's October 9 disclosure.

First, as discussed during our meet and confer, RAB is no longer proposing constructions for the following terms:

- "dimming controllable device" ('905 and '946 Patents, claim 1)
- "control device" ('782 Patent, claims 1 and 21)

- “rechargeable battery test” (‘396 Patent, claim 1)

Second, we fixed several typographical errors, including those Aleddra noted in its October 9 disclosure, for example:

- “pre-determined” is now “predetermined” in the ‘905 low-level and high-level signal terms, to match the claim language.
- The ‘782 forward-voltage term now reads “forward voltage thereon” (claim 1), which is the language claim 1 recites.

Third, we modified a few constructions.

- The modifications we made to the battery-test limitations (905 and 946 Patents) were ones you and I discussed during the call.
- After the call, I realized we also needed to modify the phrase “coupled in parallel” for claim 13 of the ’551 Patent. Our originals construction said: “…a same current,” which your team likely knew was a technical error. Components in parallel share a common voltage, not a common current. The construction now reads “components connected to provide different current paths to a same voltage.” With that correction, we hope Aleddra may be able to agree to it, and we are happy to discuss.

Please let us know if you would like to discuss any of these changes.

Best regards,

Nathan

---

**From:** Michael Sadowitz <mike@radip.com>
**Sent:** Wednesday, October 14, 2026 3:37 PM
**To:** Custer, John W. <John.Custer@WolfGreenfield.com>; Delaneau, Erika <Erika.Delaneau@WolfGreenfield.com>; scallahan@ccrglaw.com; cbovenkamp@ccrglaw.com; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Cc:** bdavis@davisfirm.com; tfisher@davisfirm.com; jjohnson@davisfirm.com; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com
**Subject:** Re: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

John,

RAB served its preliminary constructions at 5:01 p.m. Eastern on Friday and we raised this issue with you three hours later. As you know, the schedule is tight. The parties agreed to file the joint claim construction statement on October 30 and opening expert reports are due November 4. That leaves Aleddra little time to develop its claim construction positions, gather supporting extrinsic evidence, and prepare its experts’ opening reports and claim construction declarations around two invalidity theories it first saw on Friday. We had hoped RAB would withdraw its late and improperly disclosed theories, in which case neither Aleddra nor its experts would need to spend time responding to them. Unfortunately, RAB has chosen to ignore the plain language of the Local Patent Rules and unnecessarily multiply the proceedings.

The Local Patent Rules require invalidity contentions to identify “any limitation of each asserted claim that is indefinite under 35 U.S.C. § 112(b).” Rule 3-3(a)(4). RAB’s contentions list, patent by patent, the limitations RAB contends are indefinite. Neither “control device” nor “power sustaining device” is on the list. Rule 4-1(a) required RAB’s term list to identify “any claim element that the party contends should be governed by 35 U.S.C. § 112(f),” and RAB identified none. Under Rule 3-6 those contentions are “deemed to be that party’s final contentions,” and

under Rule 3-7(b) they may be amended "only by order of the presiding judge upon a showing of good cause." *Albritton v. Acclarent, Inc.*, 2019 WL 13026864, at *2 (N.D. Tex. Apr. 5, 2019).

Listing a term for construction is not an indefiniteness contention. For instance, *Seven Networks, LLC v. Google LLC*, 2018 WL 4501952, at *2–3 (E.D. Tex. July 11, 2018), struck indefiniteness positions first raised in the P.R. 4-1 process on exactly that reasoning, agreeing with the patentee that "it is not [the patentee's] burden to present 'definiteness positions' for terms not identified as indefinite in patents presumed valid." Further, *Danco, Inc. v. Fluidmaster, Inc.*, 2017 WL 11630547, at *5–6 (E.D. Tex. Sept. 13, 2017), denied leave to add indefiniteness grounds first identified through the term exchange.

Nor is a § 112(f) element with no corresponding structure a "construction." It is invalidity under § 112(b), *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1351–52 (Fed. Cir. 2015). Rule 4-2(a) addresses corresponding structure only for elements "the parties collectively contend" under Rule 4-1 are governed by § 112(f); it is not a vehicle for raising § 112(f) for the first time. And RAB's invalidity charts treat "power sustaining device" as structure and map it to structure in the prior art (Ex. B-1 at 9, "voltage checker"; Ex. B-2 at 5–6, "constant on-time BCM controller").

RAB's contentions are final. Under Rule 3-6, preliminary invalidity contentions "will be deemed to be that party's final contentions" unless amended as the rules allow, and the Scheduling Order's deadline for "final invalidity contentions" 50 days after the ruling (¶ 6) is merely Rule 3-6(b)'s post-ruling window restated, i.e., the window that "permit[s] a party to respond to an unexpected claim construction by the court, but do[es] not mean that after every claim construction order, new infringement or invalidity contentions may be filed." *Albritton*, 2019 WL 13026864, at *2 (quoting *Indus. Print Techs., LLC v. O'Neil Data Sys., Inc.*, 2018 WL 398745, at *4 (N.D. Tex. Jan. 11, 2018)). Judge O'Connor applied Rules 3-6 and 3-7 under a scheduling order with the same provision: "Infringement and invalidity contentions at this point in the litigation may be amended only upon a showing of good cause." *SnapRays, LLC v. American Tack & Hardware Co.*, 2025 WL 5266861, at *2 (N.D. Tex. Dec. 18, 2025). RAB's reading would render Rules 3-3(a)(4) and 4-1(a) meaningless. If indefiniteness and § 112(f) positions could be added at any point before post-ruling final contentions, those rules would require nothing. *Summit 6*, 2014 WL 11514929, at *5 (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).

Good cause is RAB's burden, and lack of prejudice is not good cause. "[G]ood cause requires a showing of diligence," and "[t]he burden is on the movant." *Summit 6*, 2014 WL 11514929, at *5. The patents and file histories were in RAB's hands when it prepared 81 pages of contentions and two term lists; a later look at the same material is not diligence. *Danco*, 2017 WL 11630547, at *5. A claimed lack of prejudice "is not sufficient to demonstrate good cause without more." *Seven Networks*, 2018 WL 4501952, at *4. Judge O'Connor has rejected the argument that a patentee able to respond to an untimely theory is therefore unprejudiced, *SnapRays*, 2025 WL 5266861, at *6, and other courts in the district have stricken contentions where the defendant argued good cause in response to the patentee's objection instead of moving for leave, *e.g.*, *Albritton*, 2019 WL 13026864, at *4.

Regardless, Aleddra is prejudiced. Aleddra collected and produced dictionary and technical standard evidence on October 9 for the terms RAB had identified as indefinite and must now do so for two more on the joint statement schedule, while its experts prepare opening reports due November 4. That is time and expense Aleddra would not have incurred had RAB complied with the rules or withdrawn the theories when asked. If RAB believes good cause exists, Rule 3-7(b) requires it to move.

In the face of the plain language of the Local Patent Rules and the applicable case law, RAB cannot in good faith maintain that it need not move to amend its contentions. Please confirm by Friday, October 16 that RAB withdraws the indefiniteness contention as to "control device" and

the § 112(f)/indefiniteness contention as to “power sustaining device,” or that it will move for leave before presenting either in the joint claim construction statement. Otherwise Aleddra will object in the joint statement and move to strike.

Separately, the parties are required to meet and confer under Local Patent Rule 4-2(c). We propose October 20 at 1pm ET, please let us know if this works for you. If RAB does not withdraw the two positions by Friday, we will also treat the October 20 conference as the Local Rule 7.1 conference on Aleddra’s motion to strike.

Best,
Mike

---

**From:** Custer, John W. <John.Custer@WolfGreenfield.com>
**Date:** Tuesday, October 13, 2026 at 12:59 PM
**To:** Michael Sadowitz <mike@radip.com>; Delaneau, Erika <Erika.Delaneau@WolfGreenfield.com>; scallahan@ccrglaw.com <scallahan@ccrglaw.com>; cbovenkamp@ccrglaw.com <cbovenkamp@ccrglaw.com>; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Cc:** bdavis@davisfirm.com <bdavis@davisfirm.com>; tfisher@davisfirm.com <tfisher@davisfirm.com>; jjohnson@davisfirm.com <jjohnson@davisfirm.com>; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com <Rab-df@davisfirm.com>
**Subject:** RE: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

Mike,

We write in response to your email sent at 7:10 p.m. on Friday, October 9, which asked RAB to confirm by Monday, October 12 that it would withdraw two claim construction positions. Monday was a federal holiday, so that deadline left RAB no business days to consider your request. Unilateral deadlines of that kind are not a productive way to meet and confer. In any event, RAB does not agree to withdraw its positions on “control device” (‘782 Patent, claims 1 and 21) or “power sustaining device” (‘946 Patent, claim 1).

First, both terms were before the parties well before preliminary constructions were exchanged as the terms appear on RAB’s September 18 lists of proposed terms and claim elements. Aleddra has therefore known since then that the scope and meaning of these terms are in dispute. Whether a term is governed by § 112(f) is a question of claim construction for the Court.

Second, nothing in the Court’s Scheduling Order or Misc. Order 62 bars RAB from identifying § 112(f) elements through the claim construction process. The Scheduling Order required only that the parties “exchange their respective proposed terms and claim elements for construction” and then “meet and confer regarding a list of proposed terms and claim elements.” Dkt. 19 ¶ 4(b). Misc. Order 62 likewise directs the parties to meet and confer “for the purposes of finalizing a combined list, narrowing or resolving differences,” ¶ 4-1(b), and addresses elements “the parties collectively contend” are governed by § 112(f), ¶ 4-2(a). Neither contains any preclusion provision for the term exchange. The Order’s finality and amendment provisions, ¶¶ 3-6 and 3-7(b), apply by their terms to infringement and invalidity contentions, not to the parties’ term lists. The process contemplates that the parties’ identification of terms and § 112(f) elements will be refined as the exchange proceeds, which is exactly what has occurred here.

Third, RAB's position that these terms lack corresponding structure follows directly from construing them. Indefiniteness for lack of corresponding structure arises once a term is determined to be governed by § 112(f), which is itself a claim construction determination. It is a claim construction position, not a new invalidity theory based on new prior art, and it is properly presented through the claim construction process.

Fourth, Aleddra's premise that RAB's preliminary invalidity contentions are "deemed final" is incorrect. Misc. Order 62 does not control to the extent "otherwise ordered or specified [in the Scheduling Order]." D.I. 19. And the Scheduling Order expressly provides that RAB "shall make final invalidity contentions on or before 50 days after the Court's Claim Construction Ruling." Dkt. 19 ¶ 6. RAB's invalidity contentions are therefore not yet final, and Aleddra's reliance on ¶¶ 3-6 and 3-7(b) of Misc. Order 62 is misplaced.

Fifth, Aleddra has suffered no prejudice. The joint claim construction statement is not due until October 30 (per the parties' agreement), claim construction discovery remains open through December 10, and opening claim construction briefs are not due until January 25, 2027. Dkt. 19 ¶ 4(e)–(f). Aleddra has ample opportunity to respond on the merits, including by identifying whatever structure it contends corresponds to the claimed functions. To the extent the Court concludes that any further step is required, RAB reserves the right to seek leave to amend its invalidity contentions, and good cause would plainly exist on this record.

RAB will present its positions on both terms in the joint claim construction statement, and Aleddra is free to note its objection there.

Best,

John Custer
**Associate**
John.Custer@wolfgreenfield.com
617.646.8664

Wolf, Greenfield & Sacks, P.C.
BOSTON | NEW YORK | WASHINGTON DC

wolfgreenfield.com

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** Michael Sadowitz <mike@radip.com>
**Sent:** Friday, October 9, 2026 7:10 PM
**To:** Delaneau, Erika <Erika.Delaneau@WolfGreenfield.com>; scallahan@ccrglaw.com; cbovenkamp@ccrglaw.com; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Cc:** bdavis@davisfirm.com; tfisher@davisfirm.com; jjohnson@davisfirm.com; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com
**Subject:** Re: Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions

Counsel,

RAB's preliminary constructions served today assert two positions that are not in RAB's September 18 invalidity contentions: that "control device" ('782, claims 1 and 21) is indefinite, and that "power sustaining device" ('946, claim 1) is governed by § 112(f) and indefinite for lack of corresponding structure. RAB's contentions do not identify either term under § 112, and RAB's September 18 term list did not identify any element as governed by § 112(f).

Misc. Order 62 ¶ 3-3(a)(4) required RAB to identify in its invalidity contentions any limitation it contends is indefinite, and ¶ 4-1(a) required RAB to identify any § 112(f) element in the September 18 exchange. Under ¶ 3-6 the preliminary contentions are deemed final, and under ¶ 3-7(b) they may be amended only by court order on a showing of good cause. RAB has not sought leave.

Please confirm by Monday, Oct. 12 that RAB withdraws the indefiniteness contention as to “control device” and the § 112(f)/indefiniteness contention as to “power sustaining device.” If RAB will not, we will raise the issue in the joint claim construction statement and with the Court. Aleddra reserves all rights.

Best,
Mike

Michael Sadowitz
Radulescu LLP | Of Counsel

646-502-5858 Direct
646-502-5959 Fax
702-494-9041 Cell
mike@radip.com
LI: msadowitz

---

**From:** Delaneau, Erika <Erika.Delaneau@WolfGreenfield.com>
**Date:** Friday, October 9, 2026 at 2:01 PM
**To:** scallahan@ccrglaw.com <scallahan@ccrglaw.com>; cbovenkamp@ccrglaw.com <cbovenkamp@ccrglaw.com>; Bryon Wasserman <bryon@radip.com>; Etai Lahav <etai@radip.com>; Michael Sadowitz <mike@radip.com>; aleddra-RAB_SERVICE <aleddra-RAB_SERVICE@radip.com>
**Cc:** bdavis@davisfirm.com <bdavis@davisfirm.com>; tfisher@davisfirm.com <tfisher@davisfirm.com>; jjohnson@davisfirm.com <jjohnson@davisfirm.com>; WGS-Aleddra v. RAB Lighting <WGS-Aleddrav.RAB@wolfgreenfield.com>; Rab-df@davisfirm.com <Rab-df@davisfirm.com>
**Subject:** Aleddra Inc. v. RAB Lighting Inc.; Case No. 7:26-cv-00065-O - RAB's Preliminary Claim Constructions
Counsel,

Please find attached regarding RAB’s Preliminary Claim Constructions in the above-referenced case.

Kind Regards,
Erika

**Erika Delaneau**
**IP Litigation Paralegal**
Erika.Delaneau@wolfgreenfield.com
O: 212.849.3353
**Wolf, Greenfield & Sacks, P.C.**
BOSTON | NEW YORK | WASHINGTON DC
wolfgreenfield.com | LinkedIn

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*