**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| ALEDDRA INC.<br><br>*Plaintiff*,<br><br>v.<br><br>RAB LIGHTING INC.<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:26-cv-00065-O<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF ALEDDRA INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL PLAINTIFF'S APPENDIX IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS**

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), Plaintiff Aleddra Inc. ("Plaintiff" or "Aleddra") moves to seal the following documents: pages Appx000066-797 and Appx000800-813 of Plaintiff's Appendix in Support of its Motion for Leave to Amend Its Infringement Contentions. Plaintiff respectfully requests that these documents be sealed because they contain and summarize materials designated by Defendant RAB Lighting Inc. as Confidential and/or Confidential – Attorneys' Eyes Only under the Protective Order in this case.

Rule 26(c)(1)(G) provides that the Court "may, for good cause, issue an order … (G) requiring that … confidential … commercial information not be revealed or be revealed only in a specified way …." Fed. R. Civ. P. 26(c)(1)(G). A motion to seal a judicial record is analyzed by "balanc[ing] the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). Although the public enjoys a right to access public records, "this right is not absolute." *United States v. Sealed Search Warrants*, 868 F.3d 385, 391 (5th Cir. 2017). When a judicial record involves

confidential information, the interest in nondisclosure tends to outweigh the public's right of access. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (reversing and remanding denial of motion to seal because the public's right of access "does not extend to mere curiosity about the parties' confidential information where that information is not central to a decision on the merits"); *Decapolis Grp., LLC v. Mangesh Energy, Ltd.*, No. 3:13-CV-1547-M, 2014 WL 702000, at *2 (N.D. Tex. Feb. 24, 2014) (granting motion to seal because "any public interest in the Award is minimal and counterbalanced by the interest in confidentiality expressed in the parties' agreement"); *Crawford v. United States*, No. 3:04-CV-2619-L, 2005 WL 8158351, at *3 (N.D. Tex. Feb. 17, 2005), aff'd sub nom. *Crawford v. U.S. Dep't of Homeland Sec.*, 245 F. App'x 369 (5th Cir. 2007) ("[T]he court concludes that [some of the] documents contain sensitive or confidential information that should not be disclosed to the public.").

Sealing the specified pages of Plaintiff's Appendix is appropriate here because the Confidential and Confidential – Attorneys' Eyes Only material included and summarized therein is not public and is not of public concern. In particular, those pages reflect, contains summaries of, and excerpts from, technical documents and interrogatory responses produced by RAB that RAB has designated non-public under the Protective Order.

The documents Plaintiff seeks to seal are attached hereto as Exhibits 4-20 and 22.

Below, Plaintiff provides a more detailed description of the specific portions of each document it seeks to have sealed. In the table below, the abbreviation "C-AEO" indicates the category of Confidential – Attorneys' Eyes Only as set forth in the Protective Order. For each of these entries, the material is critical to analysis of the motion and should be considered by the Court in deciding it as it cannot be described sufficiently accurately in summary terms that are not, in themselves, equally confidential.

**APPENDIX**

| Appendix No. | Description | Reason for Sealing |
|---|---|---|
| APPX000066 - APPX000115 | RAB's September 29, 2026 Supplemental Interrogatory Responses | Designated by RAB as C-AEO |
| APPX000116 - APPX000797 | Aleddra's proposed amended infringement contentions | Contains excerpts of documents that have been designated by RAB as C-AEO |
| APPX000800 - APPX000813 | Email correspondence regarding amended infringement contentions | Contains information from documents that have been designated by RAB as C-AEO |

A proposed order granting Plaintiff's motion for leave to file under seal is attached for the Court's convenience.

Dated: November 5, 2026

Respectfully submitted,

*/s/ Jonathan Auerbach*

David C. Radulescu, Ph.D. (*pro hac vice*)
Etai Lahav (*pro hac vice*)
Bryon Wasserman (*pro hac vice*)
Michael Sadowitz (*pro hac vice*)
Jonathan Auerbach (*pro hac vice*)
Andrew S. Brown (*pro hac vice*)
**RADULESCU LLP**
5 Penn Plaza, 19th Floor
New York, New York 10001
Telephone: (646) 502-5950
Facsimile: (646) 502-5959
david@radip.com
etai@radip.com
bryon@radip.com
mike@radip.com
jonathan@radip.com
andy@radip.com

Kevin S. Kudlac (Bar No. 00790089)
**RADULESCU LLP**
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: (512) 656-5743
kevin@radip.com

Steven Callahan
Christopher T. Bovenkamp
**Charhon Callahan Robson & Garza PLLC**
3333 Lee Parkway, Suite 460
Dallas, TX 75219

214-521-6400
Fax: 214-764-8392
scallahan@ccrglaw.com
cbovenkamp@ccrglaw.com

***Attorneys for Plaintiff
Aleddra Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on November 5, 2026, the foregoing document was filed electronically with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are deemed to have consented to electronic service.

By: *<u>/s/ Jonathan Auerbach</u>*
Jonathan Auerbach