**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| ALEDDRA INC. | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 7:26-cv-00065-O |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| RAB LIGHTING INC. | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |
| | ) | |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

Pursuant to the Court's Scheduling Order (Dkt. 19 ¶ 4(d)) and Paragraph 4-3 of Miscellaneous Order No. 62, Plaintiff Aleddra Inc. ("Aleddra") and Defendant RAB Lighting Inc. ("RAB") (together, the "Parties") file this Joint Claim Construction and Prehearing Statement concerning U.S. Patent Nos. 10,225,905 (the "'905 Patent"), 10,237,946 (the "'946 Patent"), 10,645,782 (the "'782 Patent"), 11,172,551 (the "'551 Patent"), and 11,846,396 (the "'396 Patent") (collectively, the "Asserted Patents").

On September 18, 2026, the Parties exchanged proposed terms for construction under Paragraph 4-1(a). On October 9, 2026, the Parties exchanged preliminary claim constructions and identifications of extrinsic evidence under Paragraph 4-2, and RAB served amended preliminary claim constructions on October 20 and October 23, 2026. The Parties met and conferred under Paragraph 4-2(c) on October 20, 2026, and thereafter by correspondence.

## I. CONSTRUCTION OF CLAIM TERMS ON WHICH THE PARTIES AGREE (¶ 4-3(a)(1))

The Parties have not agreed on the construction of any disputed claim term.

## II. EACH PARTY'S PROPOSED CONSTRUCTION OR INDEFINITENESS POSITION FOR EACH DISPUTED TERM AND IDENTIFICATION OF SUPPORTING EVIDENCE (¶ 4-3(a)(2))

Aleddra's proposed construction or indefiniteness position for each disputed claim term, phrase, or clause, the references from the specification and prosecution history that Aleddra contends support its position, and the extrinsic evidence known to Aleddra on which it intends to rely, either to support its position or to oppose RAB's position, are set forth in Exhibit A. RAB's proposed constructions and identification of evidence are set forth in Exhibit B. Each Party reserves the right to rely on any intrinsic or extrinsic evidence identified by the other Party. The grouping of terms in Exhibits A and B is for convenience and is not an admission by either Party that the grouped terms have the same meaning or must be construed together.

**Aleddra's position regarding "power sustaining device."** RAB's contention that "power sustaining device" ('946 Patent, claim 1) is governed by 35 U.S.C. § 112(f) and is indefinite for lack of corresponding structure is untimely. Both positions were due on September 18, 2026: Paragraph 4-1(a) of Miscellaneous Order No. 62 required RAB to identify in its exchange of claim terms "any claim element that the party contends should be governed by 35 U.S.C. § 112(f)," and Paragraph 3-3(a)(4) required RAB's Preliminary Invalidity Contentions to identify "any limitation of each asserted claim that is indefinite under 35 U.S.C. § 112(b)." RAB did neither; its invalidity contentions identify the limitations it contends are indefinite and omit this one, and its invalidity charts treat "power sustaining device" as a structural limitation and map it to structure in the prior art. RAB first asserted both positions in its preliminary claim constructions served October 9, 2026. Under Paragraphs 3-6 and 3-7(b), RAB's preliminary invalidity contentions are its final contentions and may be amended only by order of the Court on a showing of good cause. RAB has now moved for leave to amend (Dkt. 75). Aleddra will oppose that motion, because RAB cannot show good cause: the position rests entirely on the

claims and specification of the ’946 Patent, which RAB had in hand when it prepared its contentions, and Aleddra prepared and served its preliminary constructions and identification of extrinsic evidence, and has had to prepare this Statement and its expert disclosures, without notice of it. Aleddra objects to the inclusion of RAB’s position in this Statement, reserves its right to move to strike it, and provides its responsive position and evidence in Exhibit A without waiver of that objection.

**RAB’s position regarding “power sustaining device.”** RAB’s position that “*power sustaining device*” is governed by 35 U.S.C. § 112(f) and is indefinite is the subject of RAB’s pending Motion for Leave to Amend (Dkt. 75), and RAB refers the Court to that motion for its showing of good cause. RAB notes here only that Aleddra’s claim of prejudice is not supported by the record. RAB disclosed its indefiniteness position in its October 9 preliminary claim constructions, more than a month before this Statement was due. Aleddra has since responded to RAB’s position, identified additional evidence directed to the term in its Exhibit A to this Statement, including four dictionary entries not identified in its October 9 disclosure (ALEDDRA_RAB-00824291–310), and identified new expert testimony that the term connotes a class of structure and that the specification discloses sufficient structure. Opening claim construction briefs and supporting expert declarations are not due until January 25, 2027, two-and-a-half months from now. Aleddra has had, and will continue to have, a full opportunity to address the position, and there is no basis to strike RAB’s position.

## III. ANTICIPATED LENGTH OF THE CLAIM CONSTRUCTION HEARING (¶ 4-3(a)(3))

The Parties anticipate that three hours will be sufficient for the claim construction hearing, with the time divided equally between the Parties.

## IV. WITNESSES AT THE CLAIM CONSTRUCTION HEARING (¶ 4-3(a)(4))

Neither Party proposes to call live witnesses, including experts, at the claim construction hearing. Aleddra and RAB have identified in Exhibits A and B, respectively, the expert witnesses on whose declaration testimony each may rely in its claim construction briefing.

## V. PROPOSED ORDER OF PRESENTATION AT THE CLAIM CONSTRUCTION HEARING (¶ 4-3(a)(5))

The Parties propose that the disputed terms be argued term by term, in the order in which they appear in Exhibit A. For each term, Aleddra will present first and RAB will respond, except that for each term RAB contends is indefinite, RAB will present first and Aleddra will respond. The Parties will confer in advance of the hearing regarding any adjustment to this order to accommodate the Court.

## VI. OTHER ISSUES FOR A PREHEARING CONFERENCE (¶ 4-3(a)(6))

**Aleddra's position:** Aleddra is not aware of any issue that would require a prehearing conference before the claim construction hearing. Aleddra does not agree that RAB's motion to transfer is an issue appropriately taken up at a prehearing conference under Paragraph 4-3(a)(6); that motion is fully briefed and before the Court, and it is not a claim construction matter. Aleddra does not oppose the Court ruling on that motion at any time, and no prehearing conference is needed for that purpose. RAB's request that the Court "resolve that motion before proceeding to claim construction," however, is in substance a request to stay the claim construction schedule, which RAB has not moved for. The authority RAB cites does not require that claim construction stop while a transfer motion is pending. District courts retain "discretion as to how to handle their dockets," *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020), and the Federal Circuit has repeatedly declined to stay claim construction proceedings pending a transfer ruling. *See, e.g., In re ADTRAN, Inc.*, 840 F. App'x 516, 517 (Fed. Cir. 2021) (no "clear

legal right to a stay of all non-venue-related deadlines"); *In re Netflix, Inc.*, No. 2021-190, 2021 WL 4944826, at *2 (Fed. Cir. Oct. 25, 2021) (denying mandamus to stay proceedings where district court had declined to vacate claim construction deadlines); *In re Apple Inc.*, No. 2023-120, 2023 WL 2359699, at *2 (Fed. Cir. Mar. 6, 2023) (lifting interim stay of Markman hearing and directing decision on transfer before proceedings beyond the hearing); *see also Wapp Tech L.P. v. Apple Inc.*, No. 4:25-cv-230, 2026 WL 1195045, at *8, *10–11 (E.D. Tex. May 1, 2026) (denying stay of non-venue proceedings pending venue motion).

RAB quotes *In re Apple Inc.*, 52 F.4th 1360 (Fed. Cir. 2022), for the proposition that "it is a clear abuse of discretion to require the parties to expend additional party and court resources" while a transfer motion remains pending. That quotation omits the condition that defines the holding. The full sentence reads: "*Where, as here, the parties agree that no additional discovery or briefing is necessary and there are clearly less time-consuming and more cost-effective means for the court to resolve the motion* (including considering whether the court should give less weight to certain evidence), it is a clear abuse of discretion to require the parties to expend additional party and court resources litigating the substantive matters of the case while Apple's motion to transfer unnecessarily lingers on the docket." *Id.* at 1362 (emphasis added). The district court there had ordered thirty more weeks of fact discovery and six weeks of re-briefing before it would rule on a fully briefed motion. Nothing of the kind is at issue here. No one has asked the Court to defer ruling on RAB's motion, and the Federal Circuit expressly declined to decide "whether and the extent to which merits discovery may proceed pending ... a decision on a transfer motion." *Id.* at 1363; *see also Wapp Tech*, 2026 WL 1195045, at *10 (finding *Apple* "inapposite" on that ground where the court had not refused to consider a fully briefed venue motion until merits discovery was complete).

Aleddra asks that claim construction proceed on the schedule the Court has set.

However, to the extent the Court takes up pending motions at a prehearing conference, Aleddra's Motion to Compel (Dkt. 56), which bears on the discovery available to Aleddra before claim construction briefing, should be addressed as well.

**RAB's position:** RAB respectfully submits that RAB's pending motion to transfer this case to the District of New Jersey (Dkt. No. 40) is an issue appropriately taken up at a prehearing conference before the claim construction hearing. RAB respectfully requests that the Court resolve that motion before proceeding to claim construction. *See In re Apple Inc*., 979 F.3d 1332, 1337–38 (Fed. Cir. 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority.") (citing *In re Horseshoe Ent*., 337 F.3d 429, 433 (5th Cir. 2003)).

RAB has not yet asked the Court to stay the litigation or change any claim construction deadline. For now, RAB simply and respectfully requests that the Court decide RAB's fully briefed transfer motion as soon as practicable, and certainly before holding a claim construction hearing. The Federal Circuit has held that "it is a clear abuse of discretion to require the parties to expend additional party and court resources" while a transfer motion remains pending. *In re Apple Inc*., 52 F.4th 1360, 1362 (Fed. Cir. 2022); *see also In re TracFone Wireless, Inc*., 848 F. App'x 899, 901 (Fed. Cir. 2021) (directing stay of all proceedings where district court scheduled a Markman hearing while the transfer motion was pending); *In re SK hynix Inc.*, 835 F. App'x. 600, 601 (Fed. Cir. 2021) (ordering stay of "all proceedings concerning the substantive issues of the case and all discovery" in view of "the lengthy delay [in resolving the transfer motion] and upcoming Markman hearing"). Further, given upcoming deadlines, including rebuttal expert

reports, RAB will respectfully request a stay if the Court is unable to rule on the transfer motion in the immediate future.

Aleddra's own authorities confirm that transfer motions must be prioritized. *See, e.g.*, *In re ADTRAN, Inc.*, 840 F. App'x at 517 (denying mandamus because "the Markman hearing was scheduled several weeks after the venue briefing was to be completed," but noting that the district court's "failure to promptly act on the stay motion or its delay in ruling on the venue issues once fully briefed might tip the balance in favor of mandamus relief upon reapplication in the future"); *In re Netflix, Inc.*, 2021 WL 4944826, at *1 (explaining that "[d]elays in resolving transfer motions, coupled with ongoing discovery, claim construction, and other proceedings, frustrate the purpose of § 1404(a) by forcing defendants" to litigate in an inconvenient venue, and denying mandamus where the magistrate judge had already recommended denying the venue motion and the district court stated that it "fully expects to address the motion in advance of any claim construction hearing"); *In re Apple Inc.*, 2023 WL 2359699, at *2 (explaining that "Fifth Circuit precedent entitles parties to have their transfer motions prioritized," and, although declining to stay a *Markman* hearing that the petitioner sought to stay only hours before it began, directing the district court to decide the transfer motion "before proceeding to further substantive matters beyond the *Markman* hearing").

RAB proposes that any such prehearing conference be held no later than 30 days before the claim construction hearing, and RAB will make itself available on any date convenient for the Court.

## VII. EXPERT DISCLOSURES (¶ 4-3(b))

Aleddra and RAB have identified in Exhibits A and B, respectively, the expert witnesses on whom each may rely to support its claim construction and indefiniteness positions or to

oppose the other Party's positions, together with a description of the substance of the anticipated testimony. Consistent with the Parties' prior agreement, each Party will serve any expert declaration on which it relies with the claim construction brief that the declaration supports, and the Parties have agreed to address the timing of any related depositions by agreement.

## VIII. RESERVATION OF RIGHTS

The Parties reserve the right to supplement or amend the positions and evidence identified in this Statement and in Exhibits A and B in accordance with the Scheduling Order and Miscellaneous Order No. 62, including in response to the other Party's claim construction briefing and expert declarations, and to rely on any evidence identified by the other Party. Nothing in this Statement is an admission that any claim term requires construction, is ambiguous, or is indefinite.

Dated: November 10, 2026

Respectfully submitted,

*/s/ Michael Sadowitz*
David C. Radulescu, Ph.D. (pro hac vice)
Etai Lahav (pro hac vice)
Bryon Wasserman (pro hac vice)
Jonathan Auerbach (pro hac vice)
Michael Sadowitz (pro hac vice)
Andrew S. Brown (pro hac vice)
RADULESCU LLP
5 Penn Plaza, 19th Floor
New York, New York 10001
Telephone: (646) 502-5950
Facsimile: (646) 502-5959
david@radip.com
etai@radip.com
bryon@radip.com
jonathan@radip.com
mike@radip.com
andy@radip.com

/s/ *Nathan R. Speed*
William E. Davis, III
Texas State Bar No. 24047416
Thomas J. Fisher
VA Bar No. 44062; DC Bar No. 1643972
Ty Wilson
Texas State Bar No. 24106583
DAVIS FIRM PC
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
T: (903) 230-9090 / F: (903) 230-9661
bdavis@davisfirm.com
twilson@davisfirm.com
tfisher@davisfirm.com

Michael N. Rader (pro hac vice)
WOLF, GREENFIELD & SACKS, P.C.
605 Third Avenue, 25th Floor
New York, NY 10158
mrader@wolfgreenfield.com
617.646.8000 Phone
617.646.8646 Fax

Kevin S. Kudlac (Bar No. 00790089)
RADULESCU LLP
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: (512) 656-5743
kevin@radip.com

Steven Callahan
Christopher T. Bovenkamp
Charhon Callahan Robson & Garza PLLC
3333 Lee Parkway, Suite 460
Dallas, TX 75219
214-521-6400
Fax: 214-764-8392
scallahan@ccrglaw.com
cbovenkamp@ccrglaw.com

*Attorneys for Plaintiff Aleddra Inc.*

Scott A. McKeown (pro hac vice)
WOLF, GREENFIELD & SACKS, P.C.
901 New York Avenue, NW, Suite 500 East
Washington, DC 20001
smckeown@wolfgreenfield.com
202.571.5001 Phone
617.646.8646 Fax

Nathan R. Speed (pro hac vice)
John W. Custer (pro hac vice)
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
nspeed@wolfgreenfield.com
jcuster@wolfgreenfield.com
617.646.8000 Phone
617.646.8646 Fax

*Counsel for Defendant RAB Lighting Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2026, the foregoing document was filed with the Clerk of Court via the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Michael Sadowitz*__
Michael Sadowitz