**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| ALEDDRA INC. | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 7:26-cv-00065-O |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| RAB LIGHTING INC. | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF ALEDDRA INC.'S OPPOSITION TO RAB'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS**

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 1

A. RAB's Preliminary Invalidity Contentions ........ 1

B. RAB's belated indefiniteness arguments ........ 2

C. RAB refuses to withdraw the new contentions ........ 3

III. LEGAL STANDARD ........ 4

IV. ARGUMENT ........ 5

A. RAB failed to follow the Local Patent Rules by not disclosing its indefiniteness contention with its preliminary invalidity contentions and not disclosing its § 112(f) contention with its proposed terms for construction ........ 5

B. RAB has no good cause and was not diligent in pursuing its new invalidity grounds ........ 5

C. RAB's amendments are not important ........ 9

D. Aleddra will be prejudiced by RAB's proposed amendments. ........ 10

E. The availability of a continuance is irrelevant, given RAB's lack of diligence ... 11

V. CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Danco, Inc. v. Fluidmaster, Inc.*,
No. 5:16CV73-JRG-CMC, 2017 WL 11630547 (E.D. Tex. Sept. 13, 2017)....................7, 9, 10

*Feit Elec. Co., Inc. v. Elong Int'l USA, Inc.*,
No. 3:24-CV-1089-X, 2025 WL 2664244 (N.D. Tex. Sept. 17, 2025) ....................................8

*LSP Prods. Grp., Inc. v. Oatey Co.*,
No. 3:19-CV-00642-M, 2020 WL 4923995 (N.D. Tex. Aug. 20, 2020)............................8, 11

*Nabors Drilling Techs. USA Inc. v. Helmerich & Payne Int'l Drilling Co.*,
No. 3:20-CV-03126-M, 2023 WL 2668003 (N.D. Tex. Mar. 27, 2023)....................7, 8, 9, 10

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
572 U.S. 898 (2014)..........................................................................................................7

*Seven Networks, LLC v. Google LLC*,
No. 2:17-CV-00442-JRG, 2018 WL 4501952 (E.D. Tex. July 11, 2018)............................5, 6

*SnapRays, LLC v. Am. Tack & Hardware Co., Inc.*,
No. 3:24-CV-1228-O, 2025 WL 5266861 (N.D. Tex. Dec. 18, 2025)........................... *passim*

*Summit 6 LLC v. HTC Corp.*,
No. 7:14-CV-00014-O, 2014 WL 11514929 (N.D. Tex. Nov. 16, 2014) ................................4

*Summit 6 LLC v. HTC Corp.*,
No. 7:14-CV-00014-O, 2015 WL 11117869 (N.D. Tex. Jan. 8, 2015)....................................8

## I. INTRODUCTION

RAB's motion rests on a *post hoc* invention of its alleged good cause. When Aleddra first requested that RAB withdraw its belated invalidity theory, RAB proclaimed that its new indefiniteness theory was properly disclosed as a claim construction position and that it need not have complied with the Local Patent Rules, which require indefiniteness theories to be disclosed with the preliminary invalidity contentions. Now that it has to justify its actions before the Court in order to be granted leave to amend, RAB sings a different tune. In its motion, the belated disclosure of its indefiniteness theory was not due to its (flawed) interpretation of the Local Patent Rules, but is now allegedly the result of an "oversight." What that "oversight" is however, is left entirely unexplained by RAB's motion. Its motion fails either way.

RAB then apparently committed a second "oversight" when it failed to include in its chart for one of the prior art references one of the asserted claims. Rather than explain the mistake, RAB attempts to shift the burden to Aleddra, arguing that Aleddra is not prejudiced because it "cannot credibly have believed that RAB elected not to challenge the validity of this lone dependent claim." Dkt. No. 75 at 7. RAB presumes too much, and its failure to explain its alleged "oversight" and its failure to demonstrate any diligence whatsoever dooms its motion.

## II. FACTUAL BACKGROUND

### A. RAB's Preliminary Invalidity Contentions

RAB served its preliminary invalidity contentions on September 18.

For the '946 Patent, it contended that claim 1 is invalid under § 112 because terms "full power," "meet LED luminaire efficacy requirements," and the "rechargeable battery test" limitation are indefinite. Dkt. No. 76-6 at Appx372. RAB also contended that the "rechargeable battery test" limitation lacked written description, and that one term in claim 20 lacked written description and was not enabled. Dkt. No. 76-6 at Appx374, 376. In addition to these § 112

defenses, RAB disclosed prior art-based defenses for the ’946 Patent. Dkt. No. 76-6 at Appx352. RAB’s preliminary invalidity contentions did not disclose a contention that the term “power sustaining device” in claim 1 of the ’946 Patent was indefinite. Dkt. No. 76-6 at Appx372-73.

For the ’782 Patent, RAB contended that six terms were invalid as indefinite under 35 U.S.C. § 112. Dkt. No. 76-6 at Appx373. However, RAB did not disclose that the term “control device” in claim 1 of the ’782 Patent was invalid as indefinite. *Id.* In addition to these § 112 defenses, RAB disclosed prior art-based defenses for the ’782 Patent. Dkt. No. 76-6 at Appx352-53.

For the ’905 Patent, RAB contended that five terms in claim 1 were invalid under § 112 as indefinite. Dkt. No. 76-6 at Appx372. RAB also contended that the “rechargeable battery test” limitation in claim 1 lacked written description, and that one term in claim 18 lacked written description and was not enabled. Dkt. No. 76-6 at Appx374, 376. In addition to these § 112 defenses, RAB disclosed prior art-based defenses for the ’905 Patent, serving six invalidity claim charts. Dkt. No. 76-6 at Appx352. Each claim chart included a header that explicitly listed out each claim the chart was directed to, but RAB did not include claim 13 in any of its ’905 Patent charts. *See, e.g.* Dkt. No. 76-1 at Appx214 (showing original version of Exhibit A-1, with track changes showing the proposed amendment).

**B. RAB’s belated indefiniteness arguments**

On September 18, the parties exchanged proposed terms for construction. Under Misc. Order No. 62 ¶ 4-1(a), RAB was required to identify any § 112(f) element in the exchange of proposed terms for construction. RAB’s September 18 disclosure did not identify “power sustaining device” in claim 1 of the ’946 Patent as an element governed by 35 U.S.C. § 112(f). Dkt. No. 76-3 at Appx265.

On October 9, the parties exchanged proposed constructions. In this disclosure, RAB disclosed for the first time that it alleges that the term "power sustaining device" was governed by 35 U.S.C. § 112(f) and asserted that because the '946 Patent did not disclose corresponding structure, the term was indefinite. Dkt. No. 76-4 at Appx276. RAB also disclosed for the first time in the October 9 disclosure that it contended that the term "control device" in claim 1 of the '782 Patent was indefinite. Dkt. No. 76-4 at Appx280.

### C. RAB refuses to withdraw the new contentions

After reviewing RAB's proposed constructions, Aleddra's counsel wrote to RAB's counsel on the day they were served, pointing out the late-disclosed indefiniteness contentions and requesting that RAB withdraw those contentions. Dkt. No. 76-5 at Appx295-96. RAB wrote back four days later and refused to withdraw the contentions. *Id.* at Appx294-95. In refusing to withdraw these contentions, RAB's counsel stated that it was permitted to develop and disclose new indefiniteness arguments during the claim construction process: "nothing in the Court's Scheduling Order or Misc. Order 62 bars RAB from identifying § 112(f) elements through the claim construction process." *Id.* at Appx294. RAB's counsel made no mention of any oversight or omission that RAB committed in failing to include these indefiniteness defenses in its September 18 invalidity contentions, and in fact argued that it did not have to include them. *Id.* at Appx295 ("RAB's position that these terms lack corresponding structure follows directly from construing them. Indefiniteness for lack of corresponding structure arises once a term is determined to be governed by § 112(f), which is itself a claim construction determination. It is a claim construction position, not a new invalidity theory based on new prior art, and it is properly presented through the claim construction process.").

Aleddra's counsel responded on October 14, pointing out why RAB's position was incorrect. *Id.* at Appx292-94. RAB's counsel replied on October 16, stating that RAB was

considering Aleddra's position on the two terms, and confirmed RAB's availability for the October 20 meet-and-confer Aleddra had proposed. Appx000037.[1] During that meet-and-confer, RAB agreed to drop the "control device" indefiniteness argument but stated that it was going to seek leave to amend its invalidity contentions to add "power sustaining device." Additionally, during that meet-and-confer, RAB disclosed for the first time that it would also move to amend its invalidity contentions to add an invalidity ground for claim 13 of the '905 Patent. Dkt. No. 76-5 at Appx290-91.

## III. LEGAL STANDARD

Pursuant to ¶ 3-7(b) of Misc. Order No. 62, "[a]mendment of the preliminary . . . invalidity contentions . . . may be made only by order of the presiding judge upon a showing of good cause." ¶ 3-7(b) gives examples of what that good cause may entail, including "newly discovered prior-art references," and requires a party seeking amendment to provide a statement that the "newly discovered prior-art references were not known to that party prior to the motion despite diligence in seeking out same." *Id.*

In determining whether to grant leave to amend invalidity contentions, courts in the Northern District of Texas have considered the following factors: "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *SnapRays, LLC v. Am. Tack & Hardware Co., Inc.*, No. 3:24-CV-1228-O, 2025 WL 5266861, at *3 (N.D. Tex. Dec. 18, 2025) (internal quotations omitted). "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *Summit 6 LLC v. HTC Corp.*, No.

---

[1] This document is part of Plaintiff's Appendix filed herewith. Cites to the Appendix filed at Dkt. No. 76-1, etc. are to Defendant's Appendix.

7:14-CV-00014-O, 2014 WL 11514929, at *5 (N.D. Tex. Nov. 16, 2014) ("*Summit 6 I*") (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)); *see also SnapRays*, 2025 WL 5266861, at *5 ("As the party seeking leave" it is the movant's "burden to establish diligence"); Misc. Order No. 62 ¶ 3-6 (preliminary invalidity contentions "will be deemed to be that party's final contentions").

## IV. ARGUMENT

### A. RAB failed to follow the Local Patent Rules by not disclosing its indefiniteness contention with its preliminary invalidity contentions and not disclosing its § 112(f) contention with its proposed terms for construction

The Local Patent Rules require invalidity contentions to identify "any limitation of each asserted claim that is indefinite under 35 U.S.C. § 112(b)." Misc. Order No. 62 ¶ 3-3(a)(4). RAB's contentions list, patent by patent, the limitations RAB contends are indefinite. The term "power sustaining device" was not on that list. Misc. Order. No. 62 ¶ 4-1(a) required RAB's proposed list of terms for construction to identify "any claim element that the party contends should be governed by 35 U.S.C. § 112(f)." RAB did not identify any such term. RAB now concedes the point: both arguments it seeks to add "should have been in RAB's September 18 Preliminary Invalidity Contentions." Dkt. No. 75 at 5.

### B. RAB has no good cause and was not diligent in pursuing its new invalidity grounds

As discussed above, when Aleddra requested that RAB withdraw its untimely indefiniteness positions, RAB responded that there was no requirement that it disclose them with its preliminary invalidity contentions, and that it was permitted to disclose them later during the claim construction process. Dkt. No. 76-5 at Appx294-95. A similar situation arose in *Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 WL 4501952, at *2–3 (E.D. Tex. July 11, 2018). There, the defendants first disclosed during the claim term exchange a term they

contended was indefinite, and argued the plaintiff was not prejudiced because it had plenty of time to marshal evidence for that term. *Id.* The court rejected the argument, finding that the defendants were "laboring under the misapprehension that it is only during and within the [claim construction] disclosures that they need properly disclose their indefiniteness positions," and "compliance with later deadlines does not remedy existing prejudice, nor does it provide an excuse or defense for the initial lapse." *Id.* at *3. The court accordingly struck the late-disclosed indefiniteness term. *Id.* Thus, under RAB's first explanation of its conduct, it was still not permitted to disclose a new indefiniteness term during claim construction.

Now, however, in its motion for leave to amend, RAB changes its tune. It recasts its late-disclosed indefiniteness contention not as an intentionally disclosed claim construction position, but rather as an inadvertently omitted invalidity contention: "[RAB's indefiniteness argument] should have been in RAB's September 18 Preliminary Invalidity Contentions, and [it was] left out through oversight." Dkt. No. 75 at 5. RAB offers no declaration or other evidence of the claimed oversight, and its counsel's correspondence shows that the October 9 disclosure was a considered position, not an inadvertent omission. Dkt. No. 76-5 at Appx294-95

Nor was the omission an "oversight" in any ordinary sense. RAB's own invalidity charts treat "power sustaining device" as a structural limitation and map it to structure in the prior art. Appx000009 (Ex. B-1 at 9 ("e.g., voltage checker")); Appx000031-32 (Ex. B-2 at 5–6 ("e.g., constant on-time BCM controller")). RAB thus considered the term when it prepared its contentions and treated it as structure, not as a means-plus-function element lacking corresponding structure. The conclusory statement—unsupported by an attorney declaration or any other evidence—that the lateness was due to inadvertence and which is contradicted by the

correspondence record cannot demonstrate the requisite good cause under the Local Patent Rules, as discussed below.

As RAB now admits, both new invalidity grounds should have been disclosed with RAB's preliminary invalidity contentions, as neither contains information that is "newly discovered." Whether a claim is indefinite is based on the claims, read in light of the specification and prosecution history, all of which RAB was aware of at the time of its preliminary invalidity contentions. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014) (holding "a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention"). RAB's amended prior art ground is also based on prior art it had previously charted in its preliminary invalidity contentions. Looking over the same prosecution histories and prior art after serving contentions does not meet the standard for good cause to amend under the Local Patent Rules. *See Danco, Inc. v. Fluidmaster, Inc.*, No. 5:16CV73-JRG-CMC, 2017 WL 11630547, at *5 (E.D. Tex. Sept. 13, 2017) (denying motion for leave to amend to add contentions based on already-known material in contentions disclosed about a month after original invalidity contentions were served).

And although RAB asserts that what it did "once each omission surfaced . . . shows diligence," it has not explained when its indefiniteness omission surfaced or why it could not have asserted both new contentions earlier.[2] *Nabors Drilling Techs. USA Inc. v. Helmerich & Payne Int'l Drilling Co.*, No. 3:20-CV-03126-M, 2023 WL 2668003, at *3 (N.D. Tex. Mar. 27,

---

[2] It is unclear how RAB could be diligent with respect to its indefiniteness position, when its counsel's correspondence shows that the October 9 disclosure was a considered position rather than an inadvertent omission.

2023). Without that information, there is nothing in the record to demonstrate that RAB has been diligent. *SnapRays*, 2025 WL 5266861, at *6. RAB should not be permitted a do-over because it was careless in putting together its invalidity contentions. RAB relies on this Court's opinion in *Summit 6 LLC v. HTC Corp.*, No. 7:14-CV-00014-O, 2015 WL 11117869, at *2 (N.D. Tex. Jan. 8, 2015) ("*Summit 6 II*") in support of its alleged diligence. Dkt. No. 75 at 5. But there, the defendant seeking amendment provided the Court with a detailed record of the actions it took to uncover the new prior art. *Summit 6 II*, 2015 WL 11117869, at *2.

In contrast, here RAB has not submitted **any** evidence of diligence. As this Court held in *SnapRays*, the failure to explain a delay "alone is sufficient to demonstrate a 'weighty' lack of diligence to the Court." *SnapRays*, 2025 WL 5266861, at *6 (finding no diligence where the defendant "offer[ed] nothing more than 'conclusory statements to prove its diligence'"); *LSP Prods. Grp., Inc. v. Oatey Co.*, No. 3:19-CV-00642-M, 2020 WL 4923995, at *4 (N.D. Tex. Aug. 20, 2020) (rejecting defendant's explanation of diligence when it failed to provide a "reasonable explanation" for the delay between the date when preliminary invalidity contentions were served and when it allegedly found the new prior art).

RAB does not even try to explain its delay or alleged oversight, particularly when it was able to timely disclose other indefiniteness positions. *See Nabors Drilling Techs.*, 2023 WL 2668003, at *3 (denying motion for leave to amend contentions to add indefiniteness position where "the Court is not convinced that Nabors was unable to have included its proposed new indefiniteness theory . . . in its preliminary invalidity contentions" where it identified 15 other terms it contended were indefinite). Its failure to do so is fatal to its motion.[3] *See Feit Elec. Co.,*

---

[3] RAB has also omitted the required statement under Rule 3-7(b). As discussed above, that Rule requires a statement why the new bases for invalidity were "not known to that party prior to the motion despite diligence in seeking out same." Misc. Order No. 62 ¶ 3-7(b). RAB excuses this

*Inc. v. Elong Int'l USA, Inc.*, No. 3:24-CV-1089-X, 2025 WL 2664244, at *4 (N.D. Tex. Sept. 17, 2025) (denying motion to amend infringement contentions where plaintiff did not allege it had been diligent in seeking to amend its infringement contentions).

**C. RAB's amendments are not important**

RAB contends that its new indefiniteness argument is important because it is "potentially dispositive for an entire patent." Dkt. No. 75 at 6. But RAB neglects to mention in its motion that it already contends claim 1 of the '946 Patent is indefinite on another ground ("meet LED luminaire efficacy requirements"). *See supra* Section II.A.[4] Additionally, it has separate prior art-based defenses for claim 1. Each of these grounds is equally "potentially dispositive."

Similarly, for the '905 Patent, RAB already contends that claim 1, from which claim 13 depends, is indefinite and invalid over the prior art. If the Court finds claim 1 invalid as indefinite, then claim 13 would also be indefinite.

RAB's conclusory assertions that its proposed amendments are important should be rejected, especially in the face of its lack of diligence. *See Danco*, 2017 WL 11630547, at *6 (rejecting defendant's claim that the amendments are "critical" and finding that the conclusory

---

requirement by arguing that it only applies to new prior art references. Dkt. No. 75 at 4. Not so. The Rule requires a showing of good cause, gives three examples of good cause for purposes of the Rule, and then requires a statement demonstrating diligence in seeking out the amendments a party seeks to add. Misc. Order No. 62 ¶ 3-7(b). This Court reads the Rule the same way: "the party seeking amendment 'must include in its motion to amend a statement that the newly discovered [matter] ... were not known to that party prior to the motion despite diligence in seeking out same.'" *SnapRays*, 2025 WL 5266861, at *2 (quoting Local Patent Rule 3-7). This District has applied that "newly discovered" measure to a proposed indefiniteness theory that relied on no new prior art, denying leave where the movant "**point[ed] to nothing that was purportedly 'newly discovered' or unavailable** when it filed its preliminary invalidity contentions." *Nabors Drilling Techs.*, 2023 WL 2668003, at *2 (emphasis added). RAB points to nothing either. RAB's failure to again abide by the local patent rules is yet another reason its motion should be denied.

[4] RAB dropped several of its indefiniteness arguments for the '946 and '905 Patents since it served its preliminary invalidity contentions.

allegation was "not enough to counter the weight of the other factors weighing against a finding of good cause"). Indeed, "if the proposed amendment[s were] as important as [RAB] contends, [they] should have been made earlier." *Nabors Drilling Techs.*, 2023 WL 2668003, at *3 (rejecting alleged importance of amendment where the amending party provided no reason why it could not have included the new theory earlier).

**D. Aleddra will be prejudiced by RAB's proposed amendments.**

RAB's belated theories unfairly prejudice Aleddra because they force Aleddra and the Court to waste time and resources defending against untimely invalidity challenges, needlessly increasing Aleddra's costs. Aleddra collected and produced dictionary and technical standard evidence on October 9 for the terms RAB had identified as indefinite and then had to do so again for the "power sustaining device" term, on the joint claim construction statement schedule, while its experts prepared opening reports on infringement and damages. Aleddra likewise prepared and served its own preliminary constructions and identification of extrinsic evidence on October 9 without notice of RAB's position. That is time and expense Aleddra would not have incurred had RAB complied with the rules or withdrawn the theory when asked.[5]

Courts have found prejudice in similar circumstances, where a party tries to insert belated indefiniteness arguments during claim construction. The court in *Danco* found the plaintiff prejudiced where the defendant sought leave to amend during the claim construction process. *See Danco*, 2017 WL 11630547, at *6. This was because the plaintiff would have to spend more time and resources after developing its positions. *See id.* (finding amendments would prejudice

[5] When RAB served its new position on October 9, the joint claim construction statement was due October 30 and opening expert reports were due November 4. Aleddra identified and produced its additional evidence within that window. The later dates now on the calendar reflect a stipulated extension of both parties' deadlines, proposed by RAB on October 23 and filed on October 30, the day after RAB moved (Dkt. No. 77); that extension was not relief directed to this term, and it came **after** Aleddra had already done the work.

plaintiff "regardless of whether Plaintiff may have addressed the new indefiniteness arguments in its claim construction briefing and argument").

Moreover, the fact that Aleddra can respond to these late-disclosed invalidity arguments in no way lessens the prejudice to Aleddra. RAB failed to timely include these theories, and it should not be rewarded for this conduct, particularly based on the scant and shifting justifications it has provided the Court and Aleddra. *SnapRays*, 2025 WL 5266861, at *6 (rejecting argument that the non-moving party was not prejudiced where it was able to respond to the new invalidity theories).

### E. The availability of a continuance is irrelevant, given RAB's lack of diligence

Aleddra does not seek a continuance, nor would a continuance cure the unfair prejudice to Aleddra from having to devote time and resources litigating the merits of additional invalidity issues that were not timely disclosed. Nor does RAB's conduct here warrant a continuance. *SnapRays*, 2025 WL 5266861, at *6 (rejecting granting a continuance because of the moving party's "lack of diligence"); *LSP Prods. Grp.*, 2020 WL 4923995, at *5 (holding same).

## V. CONCLUSION

For the foregoing reasons, RAB's motion should be denied.

Dated: November 19, 2026

Respectfully submitted,

*/s/ Jonathan Auerbach*

David C. Radulescu, Ph.D. (*pro hac vice*)
Etai Lahav (*pro hac vice*)
Bryon Wasserman (*pro hac vice*)
Michael Sadowitz (*pro hac vice*)
Jonathan Auerbach (*pro hac vice*)
Andrew S. Brown (*pro hac vice*)
**RADULESCU LLP**
5 Penn Plaza, 19th Floor
New York, New York 10001
Telephone: (646) 502-5950
Facsimile: (646) 502-5959

david@radip.com
etai@radip.com
bryon@radip.com
mike@radip.com
jonathan@radip.com
andy@radip.com

Kevin S. Kudlac (Bar No. 00790089)
**RADULESCU LLP**
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: (512) 656-5743
kevin@radip.com

Steven Callahan
Christopher T. Bovenkamp
**Charhon Callahan Robson & Garza PLLC**
3333 Lee Parkway, Suite 460
Dallas, TX 75219
214-521-6400
Fax: 214-764-8392
scallahan@ccrglaw.com
cbovenkamp@ccrglaw.com

***Attorneys for Plaintiff***
***Aleddra Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on November 19, 2026, the foregoing document was filed electronically with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are deemed to have consented to electronic service.

By: */s/ Jonathan Auerbach*
Jonathan Auerbach