**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| ALEDDRA INC. | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 7:26-cv-00065-O |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| RAB LIGHTING INC. | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |
| | ) | |

# AGREED MOTION TO MODIFY THE SCHEDULING ORDER TO EXTEND THE DEADLINE FOR MEDIATION BY SIX DAYS

Plaintiff Aleddra Inc. ("Aleddra") and Defendant RAB Lighting Inc. ("RAB") (together, the "Parties") jointly and respectfully request that the Court modify the schedule set forth in its July 7, 2026 Scheduling Order (ECF No. 19) (the "Scheduling Order" or "Order") to extend the deadline for mediation in ¶10a from December 9, 2026 to December 15, 2026. The parties have worked diligently to retain a mediator and identify a date on which all parties, their counsel, and the mediator were available to meet in person, as required. The parties have now retained Wesley Hill of Tyler, Texas for a mediation that has been set for December 15, 2026. Despite the parties' good faith efforts, they were not able to identify a date prior to December 9, 2026 on which all of the required personnel were available to meet in person.

## I. LEGAL STANDARD

A deadline established in a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good-cause standard "requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing

the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.,* 315 F.3d 533, 535 (5th Cir. 2003) (internal quotation marks omitted).

In assessing whether the party has carried its burden to show good cause, the Fifth Circuit considers four factors: "(1) the explanation for the failure to [timely comply]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536.

Courts in this District apply that same good-cause framework to the deadlines governing disclosures in patent cases. *See, e.g., Nabors Drilling Techs. USA, Inc. v. Helmerich & Payne Int'l Drilling Co.*, No. 3:20-cv-03126-M, 2023 WL 2668003, at *2 (N.D. Tex. Mar. 27, 2023); *Mobile Telecomms. Techs., LLC v. BlackBerry Corp.*, No. 3:12-CV-1652-M, 2015 WL 12698061, at *1 (N.D. Tex. May 19, 2015) (Lynn, J.) (articulating the same four good-cause factors).

**A. The Parties Have Been Diligent**

The parties have exchanged proposed mediators and mediation dates. Indeed, as recently as this past weekend, the parties believed they had an agreed mediator and a date that would meet the current deadline. However, one of the parties had a conflict with the date, unbeknownst to counsel. Once that conflict was discovered, counsel for the parties immediately cleared the December 15, 2026 deadline with their clients and agreed to mediate in New York, New York, in person, with Mr. Hill.

**B. The Modification Will Allow for the Parties to Meet In Person as Required**

By adopting the Parties' proposed modification to the schedule, the Parties will be able to meet in person as required by the Scheduling Order.

**C. No Party Will Suffer Prejudice**

The Parties have met and conferred concerning this extension and believe no party will suffer prejudice.

**D. A Continuance Would Cure Any Prejudice**

Finally, to the extent any party would suffer prejudice, a continuance would cure it. As noted, the Parties do not believe this brief extension would prejudice their positions or ability to prosecute their case, but to the extent there would be prejudice, an extension would cure it.

## II. CONCLUSION

For the reasons set forth above, good cause exists to modify the deadline included herewith.

A proposed Order is submitted herewith.

Dated: November 24, 2026

Respectfully submitted,

*/s/ Kevin S. Kudlac*
David C. Radulescu, Ph.D. (*pro hac vice*)
Etai Lahav (*pro hac vice*)
Bryon Wasserman (*pro hac vice*)
Michael Sadowitz (*pro hac vice*)
Jonathan Auerbach (*pro hac vice*)
Andrew S. Brown (*pro hac vice*)
**RADULESCU LLP**
5 Penn Plaza, 19th Floor
New York, New York 10001
Telephone: (646) 502-5950
Facsimile: (646) 502-5959
david@radip.com
etai@radip.com
bryon@radip.com
mike@radip.com
jonathan@radip.com
andy@radip.com

Kevin S. Kudlac (Bar No. 00790089)
**RADULESCU LLP**
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: (512) 656-5743
kevin@radip.com

Steven Callahan
Christopher T. Bovenkamp
**Charhon Callahan Robson & Garza PLLC**
3333 Lee Parkway, Suite 460
Dallas, TX 75219
214-521-6400
Fax: 214-764-8392
scallahan@ccrglaw.com

*/s/ Nathan R. Speed*
Michael N. Rader (*pro hac vice-lead counsel*)
WOLF, GREENFIELD & SACKS, P.C.
605 Third Avenue, 25th Floor
New York, NY 10158
mrader@wolfgreenfield.com
617.646.8000 Phone
617.646.8646 Fax

Scott A. McKeown (*pro hac vice*)
WOLF, GREENFIELD & SACKS, P.C
901 New York Avenue, NW, Suite 500 East
Washington, DC 20001
smckeown@wolfgreenfield.com
617.646.8000 Phone
617.646.8646 Fax

Nathan R. Speed (*pro hac vice*)
John W. Custer (*pro hac vice*)
WOLF, GREENFIELD & SACKS, P.C
600 Atlantic Avenue
Boston, MA 02210
nspeed@wolfgreenfield.com
jcuster@wolfgreenfield.com
617.646.8000 Phone
617.646.8646 Fax

William E. Davis, III
Texas State Bar No. 24047416
Thomas J. Fisher
VA Bar No. 44062; DC Bar No. 1643972
Ty Wilson
Texas State Bar No. 24106583
DAVIS FIRM PC

cbovenkamp@ccrglaw.com

***Attorneys for Plaintiff***
***Aleddra Inc.***

213 N. Fredonia Street, Suite 230
Longview, Texas 75601
T: (903) 230-9090 / F: (903) 230-9661
bdavis@davisfirm.com
twilson@davisfirm.com
tfisher@davisfirm.com

***Attorneys for Defendant***
***RAB Lighting Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that, on November 24, 2026, the foregoing document was filed electronically with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are deemed to have consented to electronic service.

By: *<u>/s/ Kevin S. Kudlac</u>*
Kevin S. Kudlac